Guadalupe PARRA, Appellant,

v.

F. W. WOOLWORTH COMPANY, INC. and the Border Tobacco Company, Inc., Appellees.

No. 6573.

Court of Civil Appeals of Texas, El Paso.

Jan. 5, 1977.

Mauro Rosas, El Paso, for appellant.

Kemp, Smith, White, Duncan & Hammond, W. Royal Furguson, Jr., Scott, Hulse, Marshall & Feuille, Stephen B. Tatem, Jr., El Paso, for appellees.

## OPINION

WARD, Justice.

Guadalupe Parra sued for personal injuries she received when she fell on a City of El Paso sidewalk. The Defendants are the adjoining property owner and its tenant. The one point on this appeal is whether the Ordinances of the City of El Paso have created a cause of action in favor of the pedestrian against the abutting landowner for a failure to maintain the City sidewalk in repair. We hold that the Ordinances have not created such a cause of action and affirm the judgment of the trial Court.

The sidewalk is located on the North side of Paisano Drive between Stanton Street and an alley, and it was stipulated that the sidewalk belongs to the City of El Paso. The sidewalk runs parallel to the South side of a building owned by the Defendant, The Border Tobacco Company, and occupied by Defendant F. W. Woolworth Company, Inc. The opening to the building is on its East side where it fronts on Stanton Street. There is also an opening into the building at the rear end on the alley. There is no opening onto the South side where it adjoins the sidewalk. The Plaintiff admits that neither of the Defendants had made a "special use" of the sidewalk; that neither of them had created the complained of defect in the sidewalk; and that the City of El Paso had never given written notice to either Defendant of the need to repair and eliminate any condition existing in the sidewalk. The Plaintiff testified that she was walking with a friend on her way to lunch on March 1, 1972, when she either slipped on a crack or her foot hit a bump or patch on the sidewalk and she fell.

The applicable provisions of the Charter and Ordinances of the City of El Paso were stipulated by the parties as being in existence and valid on the date in question. Section 56, City of El Paso Charter, gives complete and exclusive control to the City Council over the streets, alleys and highways of the City. Section 58 of the Charter gives to the City Council full power to keep in repair any sidewalk within the limits of the City, and also provides for the defraying of costs and expenses thereof and the manner in which notice is to be given to the owner of the property adjoining said sidewalk. Section 93 of the City of El Paso Charter gives to the City the power to repair sidewalks and to punish for an obstruction or encroachment thereon. Section 97, City of El Paso Charter, empowers City to inspect and remove encumbrances from sidewalks. Section 19–13, City of El Paso Code, precludes any person from constructing or altering any sidewalk or street without permission of the City Engineer, which must be in accordance with specifications prescribed by him. Section 19–13.1,

City of El Paso Code, limits the construction of a sidewalk by the owner of the abutting property to the order and direction of the City Engineer. Finally, there is Section 19–14.1 of the City of El Paso Code. This ordinance is entitled "Maintenance of sidewalks, curbs and gutters, duty of owners of abutting property; notice to be given; costs to be assessed; penalties." It contains the following provisions:

"(a) It shall be the duty of the owner of property abutting on any public street containing a sidewalk, curb or gutter to keep such sidewalk, curb or gutter in repair.

"(b) When the building official finds that any such sidewalk, curb or gutter is in hazardous condition because of need of repairs or faulty construction, he may notify the owner of the abutting property to make such repairs or changes as may be necessary to put the sidewalk, curb or gutter in safe condition. If the owner fails to make such repairs or changes within a reasonable time given in the notice, he shall be deemed guilty of a misdemeanor and punished as provided in section 1–6 of this Code.

"(c) If the owner fails to comply with the notice, the city council may authorize the work to be done by city forces or by contract, and may, after reasonable notice and opportunity to be heard, assess the actual cost of the repairs against the abutting property and its owner. The resolution of the city council making the assessment shall be recorded in the county clerk's office and the assessment shall then constitute a lien against the property."

With the evidence in the record as outlined and the stipulations as made, the Defendants filed special exception to the Plaintiff's petition and a plea in abatement, because the petition and the evidence showed that a defect of parties existed in the suit, as it was clearly evident that only the City of El Paso, and not the two joined Defendants, was the responsible party and liable for any injuries received from a fall on the City sidewalk. The trial Court, after having considered the Defendants' special exception and plea in abatement, dismissed the case. For the purpose of inducing the Defendants to accept an abbreviated statement of facts, the Plaintiff filed in the trial Court a statement of the points upon which she intended to rely on appeal, and has properly limited herself to such points. Rule 377–a Tex.R.Civ.P. The form of the procedural apparatus used by the Defendants in securing the dismissal of the suit is not in issue. Essentially, the Plaintiff contends that Section 19–14.1(a), City of El Paso Code, places financial responsibility on the abutting property owner if a person falls and is injured on an adjoining City sidewalk, even though the property owner did not create the physical condition which caused the fall, was not making a "special use" of the sidewalk, and had received no notice from the City of El Paso of the need to repair a particular condition on the sidewalk.

■■■ It is the general rule, in the absence of a valid statute or ordinance to the contrary, that the owner or occupant of land abutting on a public sidewalk does not, solely by being an abutter, owe to the public a duty to keep the sidewalk in a safe condition. Annot., 88 A.L.R.2d 340 (1963). Sidewalks in a city are a part of the street, and a duty to exercise ordinary care to maintain them in reasonably safe condition for the use of the public rests upon the city and not upon the abutting property owner. *Grapotte v. Adams,* 130 Tex. 587, 111 S.W.2d 690 (1938). Absent such a statute or ordinance, the abutting owner or occupant can only be liable when he made an unusual or special use of the walk or committed a wrongful or unlawful act which caused the defect. Since the Defendants admittedly made no special use of the sidewalk, nor were they actively negligent in rendering the sidewalk dangerous, liability cannot attach to them for those reasons. *Grapotte v. Adams,* supra; *Houston Belt & Terminal Ry. Co. v. Scheppelman,* 235 S.W. 206 (Tex.Com.App.1921, judgment adopted); *Melvin v. Kane,* 277 S.W. 374 (Tex.Com. App.1925, judgment adopted); *Texas Co. v. Grant,* 143 Tex. 145, 182 S.W.2d 996 (1944),

and *Henry v. Mrs. Baird's Bakeries, Inc.,* 475 S.W.2d 288 (Tex.Civ.App., Fort Worth 1971, writ ref'd n. r. e.).

■■■ As to the Ordinance of the City of El Paso, the general rule is that such a statute or ordinance which requires an abutting owner or occupant to construct, reconstruct, or maintain in proper repair a sidewalk adjoining his premises does not impose upon him a duty to the public to comply with the ordinance, and does not of itself render him liable in damages for injuries sustained by a member of the public as a result of any defect in the sidewalk. The abutting owner or occupant only becomes liable when the statute or ordinance goes further and expressly makes them liable for the injuries occasioned by reason of the defective condition of such walk. Annot., 88 A.L.R.2d 354, Sec. 6; 358, Sec. 7. This is in accord with the view adopted by the Restatement of Torts. It states that, where the ordinance merely provides that abutting owners must repair defects in sidewalks and upon failure they shall be liable to the city for the cost of repairs, such an ordinance does not provide a standard of conduct for the benefit of the person injured. Restatement of Torts 2d, Sec. 288, Illustration 5.

Texas authority supports that view. *Texas Co. v. Grant,* supra. There, the Court was reviewing an ordinance of the City of Dallas which provided that the abutting property owner "shall be primarily liable in damages for any loss or damage sustained as a result of such defective condition." The ordinance further provided that it would be the duty of the abutting property owner who made a special use of the sidewalk to keep the walk in good and safe condition and free of defects. The abutting owner was held not liable. The abutting tenant, who made a special use of the walk and who created the greasy condition on the walk, was subjected to liability. Nothing in that ordinance was held to enlarge the liability of the parties over their common law duty. Based upon the above, the Appellant's points are overruled.

The judgment of the trial Court is affirmed.