Gerri ROBERTS and Keith Roberts, Appellants,

v.

The CITY OF GRAPEVINE, Appellee.

No. 2–95–166–CV.

Court of Appeals of Texas, Fort Worth.

May 16, 1996.

Rehearing Overruled June 27, 1996.

Robert D. Hudnall, Wilson, Fuqua & Hudnall, Dallas, for Appellants.

Jessica Stettler, Stettler & Jones, Dallas, for Appellee.

Before DAY, RICHARDS and HOLMAN, JJ.

## OPINION

DAY, Justice.

This is an appeal from a grant of summary judgment in favor of appellee, the City of Grapevine. Appellant Gerri Roberts brought a suit for damages under the Texas Tort Claims Act[1] for injuries she sustained when she tripped and fell while descending side-

---

1. TEX.CIV.PRAC. & REM.CODE ANN. § 101.021–101.109 (Vernon 1986 & Supp.1996).

walk steps into a pedestrian crosswalk on Main Street in Grapevine, Texas. The seminal issue of this appeal is whether the dangerous condition of the sidewalk steps constituted an ordinary premise defect or a special defect under the Tort Claims Act. The trial court granted summary judgment based on Grapevine's motion that argued the defect was a premise defect and that the duty the City owed to Roberts was only that owed to a licensee. Because we hold that, under the facts of this case, the defect was a special defect, we reverse the judgment of the trial court and remand the case for trial.

## The Facts

On September 29, 1992, Roberts lost her balance while walking down steps that descended from the elevated sidewalk towards the curb at the intersection of Main Street and Worth Street in Grapevine. The steps descended into the entrance of the crosswalk designated for pedestrian traffic. Roberts was carrying her twenty-one month-old daughter in her left arm and a purse. Although Roberts admitted she was aware that the sidewalk and curbs in that part of downtown Grapevine were older and shaped differently than the modern areas, she unexpectedly lost her balance when she began to descend the first step because the unusual height of the first step surprised and startled her. She testified that she had never before descended those exact steps, that she did not expect the height of the first one, and that when she began to lose her balance she attempted to take the next step and stepped into a hole where the concrete was crumbled away, which caused her to fall backwards and drop her baby into the street. The fall resulted in a sprain to Roberts' right ankle and a fracture to her left ankle that required metal screws.

· Roberts complains in two points of error that: (1) the trial court erred in ruling that the dangerous condition constituted a premise defect; and (2) if the trial court was correct in ruling the condition a premise defect, then the court erred in ruling that Grapevine did not breach its duty as a licensor.

## Standard of Review

We preface our discussion with the familiar standard of review for summary judgments. Summary judgment is proper when the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law on the issues set out on the motion. TEX. R.CIV.P. 166a(c). In reviewing a summary judgment, we accept as true all evidence favoring the nonmovant and indulge every reasonable inference and resolve all doubts in the nonmovant's favor. *Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995). When a summary judgment does not specify the grounds upon which it is granted, it will be affirmed if any of the grounds advanced in the motion is meritorious. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993).

## Premise vs. Special Defect

■ Because Grapevine's motion for summary judgment argued that the defective condition complained of was a premise defect and not a special defect, we must determine whether the trial court's judgment can, under the law, correctly stand on this ground. Whether a condition is a premise or special defect is a question of duty involving statutory interpretation and, thus, is an issue of law for the court to decide. *State Dep't of Highways & Pub. Transp. v. Payne* 838 S.W.2d 235, 238 (Tex.1992).

■ Both ordinary premise defects and special defects can, and many times do, constitute a dangerous condition; however, the legal distinction between the two lies in the duty owed by the governmental entity to the person or property injured or damaged as a result of that defect. *Morse v. State*, 905 S.W.2d 470, 474 (Tex.App.—Beaumont 1995, writ denied); *see also Payne*, 838 S.W.2d at 237. If the causative factor of Roberts' claim is the result of a premise defect, Grapevine owes her the same duty a private landowner owes a licensee. TEX.CIV.PRAC. & REM.CODE .ANN. § 101.022(a) (Vernon 1986); *Payne*, 838 S.W.2d at 237. Where a defect is determined to be a premise defect, the duty on Grapevine, as owner, includes the use of ordinary care either to warn a licensee of, or to

make safe, a dangerous condition that Grapevine *is* aware of and the licensee *is not*. *Payne*, 838 S.W.2d at 237; *Morse*, 905 S.W.2d at 474.

■ However, if the condition in question is a special defect, Grapevine owes Roberts the same duty to warn that a private landowner owes an invitee. TEX.CIV.PRAC. & REM. CODE ANN. § 101.022(b) (Vernon 1986); *Payne*, 838 S.W.2d at 237; *County of Harris v. Eaton*, 573 S.W.2d 177, 180 (Tex.1978). The resulting duty includes the use of ordinary care to reduce or eliminate an unreasonable risk of harm created by the condition of which the governmental entity was or reasonably should have been aware. *Payne*, 838 S.W.2d at 237; *Morse*, 905 S.W.2d at 474.

■ Special defects are statutorily defined as: "defects such as excavations or obstructions on highways, roads, or streets...." TEX.CIV.PRAC. & REM.CODE ANN. § 101.022(b) (Vernon 1986). A condition can be a special defect without actually being on the roadway if it is close enough to present a threat to the "normal users of [the] road." *Payne*, 838 S.W.2d at 238 n. 3; *Morse*, 905 S.W.2d at 474. Because a sidewalk is defined as that portion of a street that is between a curb or lateral line of a roadway and the adjacent property line and is intended for pedestrian use, then certainly, under an appropriate set of facts, a defective condition of a sidewalk could meet the statutory definition of a special defect. *See* TEX.TRANSP. CODE ANN. § 541.302(16) (Vernon Pamph. 1996); *City of Wichita Falls v. Ramos*, 596 S.W.2d 654, 657 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.). Where a special defect exists, it is the duty of the governmental unit that owns or controls the roadway, or sidewalk, to warn of the condition even though that governmental unit did not create the defect. *Eaton*, 573 S.W.2d at 179–80; *Morse*, 905 S.W.2d at 474. Thus, the primary issue at hand is whether the defective condition in this case constituted a condition that presented an unexpected or unusual danger to the ordinary users of the sidewalk and was, therefore, a special defect within the statute. *See Payne*, 838 S.W.2d at 238.

■ The evidence in this case indicates that the concrete surface of the second step and part of the curb was crumbling and cracked. The steps in question comprise the entrance to the crosswalk which the City has delineated that pedestrian traffic will use to cross the street. The area affected by the defects in the steps is extensive within the entire crosswalk entrance and the particular missing portions of concrete that are the subject of this suit created a hole in the step and curb that comprise a significant portion of the crosswalk entrance. In considering whether a condition constitutes a special defect, size of the condition should be considered. *Eaton*, 573 S.W.2d at 179; *Morse*, 905 S.W.2d at 475. The parties agree that this area is older, the sidewalk is elevated, and the first step is unusually high. Although Roberts does not seek liability for the design of the height of the first step, the unusual height still is a factor in the overall consideration of the dangerous condition. The end product for consideration in this case, therefore, is that a significant portion of the governmentally mandated entrance for pedestrians to enter the crosswalk, which already has an unusually high first step, is also affected by cracks and crumbling that has created a hole in the step and curb.

■ Grapevine argues that the defective condition of the steps was a trivial "wear and tear" defect, that it was a routine maintenance defect, and that its open and obvious nature should preclude its characterization as an unavoidable, unexpected, or unusual condition to the ordinary user of the roadway or sidewalk. Admittedly, a routine maintenance defect will not constitute a special defect; however, there is no evidence presented that indicates the "wear and tear" was recent, and we must indulge to Roberts' favor the inference that the evidence shows "wear and tear" of cracks and crumbling that occurred over an extended period of time. Additionally, Grapevine's argument fails to consider that it has mandated that, for pedestrian traffic to lawfully cross the street, pedestrians must enter the crosswalk by being funnelled through this exact area. It is not unreasonable, then, to consider the defective condition as one that a law-abiding pedestrian would find unusual and a condition she would not

expect to find in the delineated crosswalk, particularly when the pedestrian's attention may be somewhat diverted because of traffic concerns or, as in this case, carrying a baby. *See City of Beaumont v. Henderson,* 349 S.W.2d 301, 304 (Tex.Civ.App.—Beaumont 1961, no writ). Further, the Texas Supreme Court has long since abolished the "no duty" or "open and obvious" concept in premises liability cases based on negligence, stating instead that such cases are to be tried under principles of comparative negligence. *See Parker v. Highland Park, Inc.,* 565 S.W.2d 512, 517 (Tex.1978); *Furr's, Inc. v. Logan,* 893 S.W.2d 187, 192 (Tex.App.—El Paso 1995, no writ). The question of Roberts' awareness of the condition would properly be a fact issue for the jury to determine.

Previous decisions of this and other courts, although not claims brought under the Tort Claims Act, have held cities to a duty of maintaining sidewalks and crosswalks in a reasonably safe condition. *See, e.g., Stinnett v. City of Waco,* 142 Tex. 648, 180 S.W.2d 433, 434 (1944) (liability of municipality to keep sidewalks in reasonably safe condition is where defect is such that reasonably prudent man would not permit it to continue because likely to produce injury); *City of Houston v. Matthews,* 605 S.W.2d 628, 630 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (sidewalk at designated city bus stop in disrepair); *Ramos,* 596 S.W.2d at 656–57 (citing *Gatz v. City of Kerrville,* 36 S.W.2d 277, 278 (Tex.Civ.App.—San Antonio 1931, writ dism'd) (holding because city elected to place meter box in much traveled sidewalk, it assumed duty to prevent injury to persons lawfully using sidewalk)); *City of Houston v. Boecher,* 411 S.W.2d 409, 411 (Tex.Civ.App.—Houston 1967, writ ref'd n.r.e.); *Henderson,* 349 S.W.2d at 303–04 (hole in downtown heavily traveled sidewalk); *City of Houston v. Cambeilh,* 333 S.W.2d 192, 200 (Tex.Civ.App.—Houston 1960, writ ref'd n.r.e.) (city could reasonably foresee pedestrian would be injured by hole in crosswalk).

In light of the facts of this case, especially that Grapevine elected to delineate this particular area as the mandated lawful entrance into the crosswalk, we do not believe that the City can be relieved of its duty to warn or make safe this specifically mandated area by claiming that the defect was an ordinary premise defect and, therefore, force a plaintiff to prove that the City had *actual* knowledge of the defect and that the plaintiff *did not* actually know of the condition. We believe that the facts of this case dictate the opposite; that is, that the condition was a special defect that created a dangerous condition that the City knew of or, through the exercise of ordinary care, should have known of. Put simply, the dangerous condition in this case dictates that Grapevine owed Roberts that duty a landowner owes an invitee; otherwise, we would merely encourage municipalities to neglect to maintain and keep safe their delineated crosswalks because any injured party, even to escape summary judgment, would be forced to prove the municipality had actual knowledge of the defect.

█ We hold that the condition of the sidewalk steps in this case was a special defect and that Grapevine owed Roberts the same duty to warn or make safe that a private landowner owes an invitee. Thus, whether Grapevine knew or reasonably should have known of the condition, whether Grapevine failed to exercise ordinary care to protect Roberts from the danger, whether such failure was the proximate cause of any injury to Roberts, as well any issues of comparative negligence, are questions of fact that, in our opinion, are appropriate for determination by a jury. The trial court, therefore, erred in granting summary judgment in favor of Grapevine. Roberts' point of error one is sustained.

Because we have sustained the first point of error, we need not address Roberts' second point of error. Accordingly, we reverse the judgment of the trial court and remand the case for trial on the merits.