Sandra L. PETERSON, Appellant,

v.

CITY OF FORT WORTH, Appellee.

No. 2–97–270–CV.

Court of Appeals of Texas,
Fort Worth.

March 26, 1998.

Rehearing Overruled May 7, 1998.

Martin L. Peterson, Hico, for Appellant,

Luis E. Fierros, Theodore P. Gorski, Jr.,Assistant City Attorney, Fort Worth, for Appellee.

Before DAY, LIVINGSTON and HOLMAN, JJ.

## OPINION

LIVINGSTON, Justice.

### I. INTRODUCTION

Appellant Sandra L. Peterson (Peterson) appeals from the trial court's grant of summary judgment in favor of the City of Fort Worth (the City) in her premises liability action. In a single point, Peterson contends the trial court erred in granting summary judgment in favor of the City because the

condition was a special defect as a matter of law. We affirm the trial court's judgment.

### II. FACTUAL BACKGROUND

On February 7, 1994, Peterson stepped into a "hole" created by a break in a steel plate that covered a shallow drainage channel that traversed the entire width of a sidewalk in downtown Fort Worth, Texas. The sidewalk measured 11 feet wide and the drainage channel and steel plate normally extended the width of the sidewalk. However, on the day in question, a ten-inch portion of the steel plate nearest to the roadway was cracked or broken. Also that day, a bomb threat caused numerous pedestrians to congest the sidewalk area where Peterson was walking. Thus, when Peterson tried to maneuver around the crowd by walking along the edge of the sidewalk, she stepped on or near the broken plate, fell into the hole, and suffered injuries to her wrist that allegedly ended her career as a massage therapist.

Peterson sued the City claiming the hole was a special defect pursuant to section 101.022 of the Texas Civil Practice and Remedies Code.[1] The City moved for summary judgment on the ground that the hole was at most a premise defect under section 101.022. The City also claimed it was entitled to summary judgment if the defect was merely a premise defect because: (1) Peterson admitted the hole was perceptible and apparent; and (2) it lacked actual notice of the premise defect. In response, Peterson claimed the hole was an excavation and that the presence of numerous pedestrians obscured her view of the sidewalk and hole. The trial court granted final summary judgment in favor of the City.

### III. DISCUSSION

#### A. Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Tex.R.Civ.P. 166a(c); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562

---

1. Peterson also sued, settled with, and then dismissed with prejudice Tandy Corporation.

(Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *See Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 301–02 (Tex.1990); *Cate,* 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.,* 391 S.W.2d at 47.

■ A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *See Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997). To accomplish this, the defendant-movant must present summary judgment evidence that negates an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the defendant. *See Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995).

### B. Premise or Special Defect

Section 101.022 of the Texas Civil Practice and Remedies Code defines the duty owed by a governmental entity to a claimant in a premise liability case. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.022 (Vernon 1997); *see also, State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 237 (Tex. 1992) (op. on reh'g). Section 101.022 provides:

(a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises. (b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condi-

tion, or malfunction of traffic signs, signals, or warning devices as is required by Section 101.060.

*See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.022.

■ Thus, the duty owed by the governmental entity depends on whether the "condition" is a premise defect or a special defect. *See Payne,* 838 S.W.2d at 237. To establish a claim based on a premise defect, a claimant must prove that: (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; and (5) the owner's failure was a proximate cause of injury. *See id.* To establish a claim based on a special defect, a claimant must prove that: (1) a condition of the premises created an unreasonable risk of harm to the invitee; (2) the owner knew or should have known of the condition; (3) the owner failed to exercise ordinary care to protect the invitee from danger; and (4) the owner's failure was a proximate cause of injury to the invitee. *Id.*

■ Whether a condition is a premise or special defect is a question of law for the courts to decide. *See State v. Burris,* 877 S.W.2d 298, 299 (Tex.1994); *Payne,* 838 S.W.2d at 238. Section 101.022 cites "excavations or obstructions on highways, roads, or streets" as examples of special defects. TEX.CIV.PRAC. & REM.CODE ANN. § 101.022. However, this list is not exhaustive and a defect need not occur upon the road surface itself to constitute a special defect "if it is close enough to present a threat to the 'normal users of a road.'" *Morse v. State,* 905 S.W.2d 470, 474–75 (Tex.App.—Beaumont 1995, writ denied). Thus, a condition on a sidewalk can, in some circumstances, be deemed a special defect. *See Stokes v. City of San Antonio,* 945 S.W.2d 324, 326–27 (Tex. App.—San Antonio 1997, no writ); *see also Roberts v. City of Grapevine,* 923 S.W.2d 169, 172 (Tex.App.—Fort Worth 1996), *disapproved in City of Grapevine v. Roberts,* 946 S.W.2d 841, 843 (Tex.1997) (finding that par-

ticular defect on stairway was not a special defect).

■ Special defects are unexpected and unusual dangers to ordinary users of the roadway (or sidewalk). *See Payne,* 838 S.W.2d at 238; *Stokes,* 945 S.W.2d at 326; *Harris County v. Smoker,* 934 S.W.2d 714, 718 (Tex.App.—Houston [1st Dist.] 1996, writ requested). "A special defect is distinguished by some unusual quality outside the ordinary course of events, and a longstanding, routine, or permanent condition is not a special defect." *Stokes,* 945 S.W.2d at 326; *see Smoker,* 934 S.W.2d at 718–19.

■ Here, Peterson acknowledges that case law has narrowed the definition of a special defect but claims the channel itself was an "excavation" such that, when coupled with the broken steel covering, it constituted a special defect as a matter of law. In effect, Peterson asks this court to bootstrap an otherwise basic premise defect, the cracked steel plate, with the deliberately created, permanent, and otherwise nondefective channel in order to find that the entire condition as a whole amounts to an excavation special defect. We decline to do so.

A review of applicable case law leads us to the conclusion that the condition fits squarely within the parameters of a premise defect. See *Sipes v. Texas Dept. of Transp.,* 949 S.W.2d 516, 519–20 (Tex.App.—Texarkana 1997, writ denied) (giving list of cases where a special defect was found); *Stokes,* 945 S.W.2d at 327 (comparing and contrasting facts and holdings in numerous premise vs. special defect cases). First, the real defect at issue here is the broken steel plate, not the channel. In any event, the fact that the channel is dug out of the ground, like an excavation, does not mean that it is *per se* a special defect. Second, the channel itself is permanent in nature and not of some unusual or unexpected character. See *Smoker,* 934 S.W.2d at 718–19; *Villarreal v. State,* 810 S.W.2d 419, 422 (Tex.App.—Dallas 1991, writ denied) (finding that a permanent condition was not a special defect). Lastly, the relatively small size of the hole points towards a finding that this was merely a premise defect. *See County of Harris v. Eaton,* 573 S.W.2d 177, 179 (Tex.1978) (considering the size of the defect); *Stokes,* 945 S.W.2d at 327 (finding that "[c]ases in which courts found the existence of a special defect involved unusual, dangerous, and relatively large defects"). Therefore, we find that the condition in question is a premise defect as a matter of law. *See Burris,* 877 S.W.2d at 299; *Payne,* 838 S.W.2d at 238.

■ Peterson alleges that, even if the defect is merely a premise defect, summary judgment was improper because the City did not meet its burden to negate one element of a cause of action under a premise defect theory. However, Peterson only pleaded her cause of action under a special defect theory. *See* Tex.R.Civ.P. 166a(c) (providing that trial court should render summary judgment on the pleadings on file at the time of the hearing); *see also Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex.1979) (discussing pleading requirements). Therefore, summary judgment was proper after the City established, as a matter of law, that the condition was not a special defect. We affirm the trial court's judgment.