COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
THE CITY OF EL PASO,                                   )                  No. 08-03-00354-CV
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                  327th District Court
)
ARMANDO CHACON,                                     )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 2001-4755)

OPINION

            The City of El Paso appeals the denial of its motion to dismiss based on a plea to the
jurisdiction pursuant to Section 51.014(a)(8) of the Texas Civil Practices and Remedies Code. We
affirm.
FACTUAL SUMMARY
            On January 7, 2000, Armando Chacon was walking along a public sidewalk in the 3600
block of Dyer Street in El Paso County, Texas. Near the intersection of McKinley and Dyer, Chacon
“stepped” into a hole where a utility pole or traffic control device had been installed at one time. 
When the device was removed, the hole was not covered and no warning signs were posted. 
According to his pleadings, Chacon was “disabled and suffered injuries to his back, leg, knee, and
hips” and as a result he has “sustained physical pain, suffering, extreme mental anguish, medical
expenses, permanent disability, lost earning capacity, past, present and future . . . .” 
PROCEDURAL SUMMARY
            Chacon sued the City alleging that it created a premises defect when it removed the device. 
He argued that the City had actual knowledge of the device’s placement and its removal and that the
device was at all times within the City’s care, custody, and control. In the alternative, Chacon
alleged that the condition was a special defect, that the City knew or should have known of the
defect, and that it had a duty to warn him. In his amended petitions, Chacon alleged that the City
was negligent in the following particulars:
1. Carelessly and negligently permitting the sidewalk condition to exist in a
state of disrepair.
 
2.Carelessly and negligently failing to provide warning signs as to the
dangerous condition.
 
3. Carelessly and negligently failing to provide safe sidewalk surfaces on which
the citizens of El Paso could walk.
 
4.Carelessly and negligently failing to remove said dangerous condition.
 
5.Failing to properly maintain the area of the accident in a repaired and safe
condition for persons using the sidewalk.
 
6. Failing to repair the sidewalk.
 
7. Failing to warn the Plaintiff that there was a dangerous condition on the
sidewalk prior to the time which the accident occurred.

In its answer, the City asserted sovereign immunity and a lack of subject matter jurisdiction. It also
filed special exceptions accompanied by a supporting brief in which it specifically addressed the
requirement that a special defect be of unusual magnitude. The trial court granted the special
exceptions and required Chacon to replead. He has since filed both a first and second amended
petition, neither of which addresses the pleading defect.
            The City filed a motion to dismiss based on a plea to the jurisdiction. It claimed that the
defect was ordinary such that it owed only the duty of care that a private party owes a licensee. It
denied having knowledge of the condition. Finally, the City cited Section 13.04.050(E) of the El
Paso Municipal Code, claiming that the abutting property owner was responsible for any defect
found in the sidewalk. Chacon’s response alleged that the City had waived its immunity under the
facts of the case. The trial court denied the City’s motion to dismiss, and this appeal ensued. 
PLEA TO THE JURISDICTION
            A plea to the jurisdiction is a dilatory plea by which a party contests the trial court’s authority
to determine the subject matter of the cause of action. City of Saginaw v. Carter, 996 S.W.2d 1, 2
(Tex.App.--Fort Worth 1999, pet. dism’d w.o.j.); State v. Benavides, 772 S.W.2d 271, 273
(Tex.App.--Corpus Christi 1989, writ denied). The plaintiff has the burden to allege facts that
affirmatively demonstrate that the trial court has subject matter jurisdiction. Texas Ass’n of Bus. v.
Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); City of Saginaw, 996 S.W.2d at 2. In the
context of suit against a governmental unit, the plaintiff must allege consent to suit either by
reference to statute or express legislative permission. Texas Dept. of Transp. v. Jones, 8 S.W.3d 636,
638 (Tex. 1999); Missouri Pac. R.R. v. Brownsville Navigation Dist., 453 S.W.2d 812, 813 (Tex.
1970); Texas Parks & Wildlife Dept. v. Garrett Place, Inc., 972 S.W.2d 140, 143 (Tex.App.--Dallas
1998, no pet.). 
Standard of Review
            Subject matter jurisdiction is a legal question which we review de novo. City of Saginaw,
996 S.W.2d at 2; Texas Dept. of Health v. Doe, 994 S.W.2d 890, 892 (Tex.App.--Austin 1999, pet.
dism’d by agr.). In reviewing the trial court's denial of a plea to the jurisdiction, we look solely to
the allegations in the petition and accept them as true. See City of Saginaw, 996 S.W.2d at 2-3;
Firemen’s Ins. Co. v. Board of Regents of Univ. of Tex. Sys., 909 S.W.2d 540, 541
(Tex.App.--Austin 1995, writ denied). We do not examine the merits of the case. See City of
Saginaw, 996 S.W.2d at 3. If the petition does not allege jurisdictional facts, the plaintiff’s suit is
subject to dismissal only when it is impossible to amend the pleadings to confer jurisdiction. City
of Saginaw, 996 S.W.2d at 3; see Texas Ass’n of Bus., 852 S.W.2d at 446; Liberty Mut. Ins. Co. v.
Sharp, 874 S.W.2d 736, 739 (Tex.App.--Austin 1994, writ denied).
Texas Tort Claims Act
            A municipality such as the City of El Paso is immune from liability for governmental
functions unless that immunity is specifically waived. City of LaPorte v. Barfield, 898 S.W.2d 288,
291 (Tex. 1995); Gonzales v. City of El Paso, 978 S.W.2d 619, 622 (Tex.App.--El Paso 1998, no
pet.). The Act provides that a governmental unit is liable for: 
(1) property damage, personal injury, and death proximately caused by the wrongful
act or omission or the negligence of an employee acting within his scope of
employment if: 
 
(A) the property damage, personal injury, or death arises from the operation
or use of a motor-driven vehicle or motor-driven equipment; and 
 
(B) the employee would be personally liable to the claimant according to
Texas law; and 
 
(2) personal injury and death so caused by a condition or use of tangible personal or
real property if the governmental unit would, were it a private person, be liable to the
claimant according to Texas law. 

Tex.Civ.Prac.&Rem.Code Ann. § 101.021 (Vernon 1997). As to ordinary premise and special 

defects: 
 
(a) If a claim arises from a premise defect, the governmental unit owes to the
claimant only the duty that a private person owes to a licensee on private property,
unless the claimant pays for the use of the premises.
 
(b) The limitation of duty in this section does not apply to the duty to warn of special
defects such as excavations or obstructions on highways, roads, or streets or to the
duty to warn of the absence, condition, or malfunction of traffic signs, signals, or
warning devices as is required by Section 101.060. 
 
Tex.Civ.Prac.&Rem.Code Ann. § 101.022. 
Ordinary Defect vs. Special Defect
            The City’s first issue for review inquires whether an uncovered utility junction box on a city
sidewalk constitutes an ordinary premises defect or a special defect. The second issue is derivative
of the first. Assuming the hole is an ordinary defect, did the City have actual knowledge of it?
             The Texas Tort Claims Act provides governmental liability for personal injuries caused by
a condition of real property if the governmental unit would, were it a private person, be liable under
Texas law. Tex.Civ.Prac.&Rem.Code Ann. § 101.021. The Act provides different standards of
care depending on whether the claim arises from an ordinary premises defect or a special defect. Id.
§ 101.022; State Dep’t of Highways v. Payne, 838 S.W.2d 235, 237 (Tex. 1992). If the condition
is an ordinary premises defect, the City owed Chacon the same duty that a private landowner owes
a licensee unless Chacon paid for the use of the premises. Payne, 838 S.W.2d at 237 n.1. Generally,
the duty a landowner owes a licensee is not to injure the licensee through willful, wanton, or grossly
negligent conduct. Payne, 838 S.W.2d at 237; State v. Tennison, 509 S.W.2d 560, 562 (Tex. 1974);
Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073, 1074 (1941). The owner must also
use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of
which the owner is aware and the licensee is not. Payne, 838 S.W.2d at 237. 
            On the other hand, if the condition is a special defect, the City owed Chacon the same duty
that a private landowner owes an invitee. Payne, 838 S.W.2d at 237; see also
Tex.Civ.Prac.&Rem.Code Ann. § 101.022(b). That duty requires the landowner to use ordinary
care to reduce or eliminate an unreasonable risk of harm created by a condition of the premises of
which the owner is or reasonably should be aware. Payne, 838 S.W.2d at 237; see also County of
Harris v. Eaton, 573 S.W.2d 177, 180 (Tex. 1978).
            Determining whether a condition is a special defect or an ordinary premises defect is a
question of law for the court. Payne, 838 S.W.2d at 238. Special defects are “defects such as
excavations or obstructions on highways, roads, or streets.” Tex.Civ.Prac.&Rem.Code Ann.
§ 101.022(b); Payne, 838 S.W.2d at 238. The examples in the statute are not exclusive, and courts
are to construe “special defects” to include defects of the same kind or class as the ones expressly
mentioned. See Eaton, 573 S.W.2d at 179. A defect need not occur upon the road surface itself to
constitute a special defect “if it is close enough to present a threat to the ‘normal users of a road.’” 
Morse v. State, 905 S.W.2d 470, 474-75 (Tex.App.--Beaumont 1995, writ denied). A condition on
a sidewalk can, in some circumstances, be deemed a special defect. See Stokes v. City of San
Antonio, 945 S.W.2d 324, 326-27 (Tex.App.--San Antonio 1997, no writ); see also Roberts v. City
of Grapevine, 923 S.W.2d 169, 172 (Tex.App.--Fort Worth 1996), disapproved in, 946 S.W.2d 841,
843 (Tex. 1997)(finding that a particular defect on a stairway was not a special defect).
            Special defects are unexpected and unusual dangers to ordinary users of the roadway or
sidewalk. See Payne, 838 S.W.2d at 238; Stokes, 945 S.W.2d at 326; Harris County v. Smoker, 934
S.W.2d 714, 718 (Tex.App.--Houston [1st Dist.] 1996, writ denied). “A special defect is
distinguished by some unusual quality outside the ordinary course of events, and a longstanding,
routine, or permanent condition is not a special defect.” Stokes, 945 S.W.2d at 326; see Smoker, 934
S.W.2d at 718-19. 
            We must first determine whether this defect relates to a highway, roadway, or street. See
Tex.Civ.Prac.&Rem.Code Ann. § 101.022(b). At issue is a hole in a public sidewalk. A sidewalk
is defined as that portion of a street that is between a curb or lateral line of a roadway and the
adjacent property line and is intended for pedestrian use. Tex.Transp.Code Ann.
§ 541.302(16)(Vernon 1999); City of Wichita Falls v. Ramos, 596 S.W.2d 654, 657 (Tex.Civ.App.--
Fort Worth 1980, writ ref’d n.r.e.). Here, we have a sidewalk on a busy public thoroughfare which
directly abuts the curb and street. All pedestrians wishing to walk up or down that side of the street
must use the sidewalk. We conclude the defect was related to a street. 
            Next, we must determine whether the hole constituted a condition that presented an
unexpected or unusual danger to the ordinary users of the sidewalk so as to be a special defect under
the Act. We begin with our prior decision in Bernal v. City of El Paso, 986 S.W.2d 253 (Tex.App.--El Paso 1998), rev’d, 986 S.W.2d 610 (Tex. 1999). This court concluded that a hole constituted a
special defect because it was substantial and ordinary, and pedestrians were required to traverse it. 
Id. at 256. We noted that while the hole was not a ditch or moat, the sharp edges were hazardous
and posed a risk of tripping and that the hole would be obscured and unapparent in a crowd. Id. 
Considering the relationship of the defect to the street, its size and nature, and the likelihood that a
pedestrian could be unavoidably and unexpectedly injured as the result of ordinary usage of the
sidewalk, we concluded that the defect was special. Id. However, the Texas Supreme Court
reversed our decision, finding that the hole was merely an ordinary defect. City of El Paso v. Bernal,
986 S.W.2d 610 (Tex. 1999). The summary judgment evidence included an affidavit by a city
official describing the hole as a “worn or depressed area . . . approximately 3 feet by 6 feet in size
with a depth of 3 inches, at its lowest point.” Id. at 611. The court found that the photographic
exhibits supported the City’s description and concluded that the area where the accident occurred
was simply an eroded place in the flat surface of the sidewalk and not an unexpected and unusual
danger. Therefore as a matter of law, the sidewalk’s condition was not a special defect. Id.
            We also look for guidance in Roberts v. City of Grapevine, 923 S.W.2d 169 (Tex.App.--Fort
Worth 1996), disapproved in, 946 S.W.2d 841 (Tex. 1997). Roberts tripped and fell while
descending sidewalk steps leading to a crosswalk due to the height of the first step and a hole where
the concrete had cracked and crumbled away. Id. at 171. The Fort Worth Court of Appeals found
a special defect. Id. at 173. It noted that “a significant portion of the governmentally mandated
entrance for pedestrians to enter the crosswalk, which already has an unusually high first step, [wa]s
also affected by cracks and crumbling that ha[d] created a hole in the step and curb.” Id. at 172. The
court held that the defect was one that a law-abiding pedestrian would find unusual and unexpected
in a delineated cross walk, particularly with his attention diverted to traffic concerns. Id. at 172-73. 
While the Supreme Court did not reverse, it did issue a per curiam opinion holding that the defect
was ordinary rather than special. City of Grapevine v. Roberts, 946 S.W.2d 841 (Tex. 1997). “[A]
partially cracked and crumbled sidewalk step [wa]s not a defect of the same kind or class as the
excavations or obstructions the statute contemplate[d].” Id. at 843. Furthermore, the court found
that the condition posed no threat to the ordinary users of the abutting roadway. Id. 
            Three other decisions aid our analysis. The first involved a hole created by a break in a steel
plate that covered a shallow drainage channel traversing the entire width of a downtown sidewalk. 
Peterson v. City of Fort Worth, 966 S.W.2d 773 (Tex.App.--Fort Worth 1998, no pet.). The
sidewalk measured eleven feet, and a ten inch portion of the steel plate was broken. Id. at 774. 
Peterson claimed that the defect amounted to an excavation. Id. The court found that the defect was
ordinary because (1) the real defect was the broken plate, not the channel; (2) the channel itself was
permanent in nature, not unusual or unexpected; and (3) the hole was small. Id. at 776.
            The second case involved a water meter box with a defective lid. Bishop v. City of Big
Spring, 915 S.W.2d 566 (Tex.App.--Eastland 1995, no pet.). The hole was located between a fence
and a city street. Id. at 568. The ground surrounding the box was approximately six to eight inches
above the top of the meter box. Id. The hole was approximately one and a half feet in diameter. Id.
at 569. The lid did not fit properly; even when placed squarely on top of the box, the lid would fall
into the hole when any weight was placed on it. Id. The court found that the defect was ordinary
because although the box was located on city property, it did not create a hazard or danger to normal
users of the road. Id. at 571. Normal users would travel closer to the house than the mailbox and
would not encounter the hole. Id.
            Finally, the third case involved an uncovered storm sewer. Harris County v. Smoker, 934
S.W.2d 714 (Tex.App.--Houston [1st Dist.] 1996, writ denied). Smoker was walking along the south
side of a street when she fell into the sewer. Id. at 717. She testified that there was no sidewalk on
that side of the street and the storm sewer extended approximately two feet into the street. Id. The
court found that the storm sewer was located in close proximity to the roadway and since there was
no sidewalk on the south side of the street, the sewer would be encountered by pedestrians walking
along the street near the curb. Id. at 719. The court held that “[w]hile walking along an unlit or
poorly lighted street, a pedestrian should certainly not expect to usually encounter an uncovered,
unmarked hole” and concluded that an uncovered storm sewer located where a pedestrian would
normally walk on a street without a sidewalk and in the absence of streetlights constituted a special
defect. Id.
            Since this case involves a plea to the jurisdiction, we do not have the benefit of summary
judgment evidence--such as pictures of the scene of the accident--which were present in several of
the cases we have discussed. We are left to examine Chacon’s petition, the City’s plea to the
jurisdiction, and Chacon’s response to that plea. Chacon’s petition alleged:
On or about January 7th, 2000, Plaintiff ARMANDO CHACON, while walking on
a public sidewalk located at the 3600 block of Dyer Street in El Paso County, Texas,
near the intersection of McKinley Avenue, stepped into a hole left by the City of
El Paso. The hole in the sidewalk was a large hole and had been there for a
substantial period of time. This hole contained either a utility pole or a traffic control
device at one time. The device had been placed there by the City of El Paso. The
device was removed by the City of El Paso, which left the gaping hole. The City
never covered the hole.

To its plea to the jurisdiction, the City attached an affidavit of Daryl W. Cole, director of streets,
concerning the City’s lack of knowledge about the defect. In his response, Chacon alleged that the
defect was special. He attached his own affidavit describing his fall. Chacon stated that he was
walking along the east side of Dyer Street at night when it was dark. The sidewalk appeared to be
clear and clean, and he did not see the hole. He had never used the sidewalk before and did not
expect to find a hole there. 
            The facts of this case clearly demonstrate the inherent difficulty with a plea to the
jurisdiction. We must take as true the facts pled by the plaintiff. From his pleadings, we cannot
ascertain whether the hole was merely an eroded place in the flat surface of the sidewalk or a place
where the sidewalk had simply cracked and crumbled. See Bernal, 986 S.W.2d at 610; Roberts, 946
S.W.2d at 841. In his petition, Chacon characterized the hole as “large” and “gaping.” He failed to
plead specific facts regarding the width or depth of the hole, although it would be reasonable to
attach some significance to his characterization that he “stepped” into it. We also recognize that the
trial court granted special exceptions and Chacon has filed two amended pleadings in which he still
failed to flesh out the specifics of his claim. Yet we do not dismiss an action where a legitimate
pleading amendment will demonstrate jurisdiction. City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d
750, 753 (Tex.App.--Austin 1998, no pet.). A court cannot conclude as a matter of law that a defect
isn’t a special defect where the record doesn’t show its actual size. See City of Houston v. Camp,
No. 01-98-00321-CV (Tex.App.--Houston [1st Dist.] April 15, 1999, no pet.)(not designated for
publication), 1999 WL 213097 (where the record did not establish the size of large clumps of grass
clippings, the court could not conclude that the grass and debris did not create a special defect).
            Based upon the pleadings, this hole was not merely an eroded place in the flat surface of the
sidewalk or a cracking and crumbling sidewalk. See Bernal, 986 S.W.2d at 610; Roberts, 946
S.W.2d at 841. Nor was it a defect in a covering. See Peterson, 966 S.W.2d at 776. This defect was
a hole, located where a pedestrian would normally walk and not expect to encounter it. See Smoker,
934 S.W.2d at 714. It was not permanent in nature, as the device had been removed, but it was
unexpected and unusual. See id. It created a hazard and a danger to normal users. See Bishop, 915
S.W.2d at 571. We conclude that the hole is analogous to an excavation as expressly mentioned in
the statute and falls within the same class as contemplated by the statute. Consequently, we find it
to be a special defect. See Tex.Civ.Prac.&Rem.Code Ann. § 101.022. 
            We reach this conclusion with some measure of frustration. The City has repeatedly asked
that Chacon address the requirement that the defect be of “unusual magnitude.” He has failed to do
so. While we are concerned about condoning multiple bites at the apple, we cannot say that it is
impossible for Chacon to amend his pleadings to confer jurisdiction. Thus, the issue is more
appropriately confronted in the summary judgment context.
Proper Pleading of Claim Under Act
            Since we have determined that the hole constitutes a special defect, we must now consider
whether Chacon has properly pled a cause of action for a special defect under the Act. To establish
a claim based on a special defect, actual knowledge is not necessary. Instead, a claimant must prove
that: (1) a condition of the premises created an unreasonable risk of harm to the invitee; (2) the
owner knew or should have known of the condition; (3) the owner failed to exercise ordinary care
to protect the invitee from danger; and (4) the owner’s failure was a proximate cause of injury to the
invitee. Payne, 838 S.W.2d at 237. We look to Chacon’s petition to determine if it sufficiently
pleads facts which, if taken as true, will support jurisdiction. See Texas Ass’n of Bus. v. Texas Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). 
            We find that Chacon sufficiently pled an unreasonable risk of harm, the first element, by
stating that the hole was large, gaping, uncovered, and located on a pedestrian sidewalk. He pled
that the hole was a condition about which the City knew or should have known since the City had
installed the device and then removed it. Moreover, the hole had been there for a substantial period
of time. This sufficiently pleads the second element. Third, Chacon pled failure to exercise ordinary
care by stating that the City failed to repair the hole and failed to warn of the danger. Finally,
Chacon pled that the accident was the direct and proximate cause of injuries he sustained to his back,
leg, knee, and hips. The trial court properly denied the City’s motion to dismiss based on a plea to
the jurisdiction. Having decided that the uncovered utility junction box was a special defect and that
Chacon properly pled a cause of action within the jurisdiction of the court, we overrule Points of
Error One and Two. 
Liability of Abutting Property Owner
            In its final issue, the City contends that the El Paso Municipal Code relieves the City of
liability, notwithstanding the premises defect. Section 13.04.050 of the El Paso City Code, entitled
Maintenance of sidewalks, curbs and gutters--Abutting property owner’s duty, provides:
A.It shall be the duty of the owner of property abutting on any public street
containing a sidewalk, curb or gutter to keep such sidewalk, curb or gutter in
repair.
 
B.When the deputy director for building services finds that any such sidewalk,
curb or gutter is in hazardous condition because of need of repairs or faulty
construction, he may notify the owner of the abutting property to make such
repairs or changes as may be necessary to put the sidewalk, curb or gutter in
safe condition. If the owner fails to make such repairs or changes within a
reasonable time given in the notice, he shall be deemed guilty of a
misdemeanor and punished as provided in Sections 1.08.010 through
1.08.030.
 
C.If the owner fails to comply with the notice, the city council may authorize
the work to be done by city forces or by contract, and may, after notice and
an opportunity to be heard, assess the actual cost of the repairs against the
abutting property and its owner. The ordinance of the city council making the
assessment shall be recorded in the county clerk’s office and the assessment
shall then constitute a first and prior lien against the property from the date
the improvements are ordered, and shall be a personal liability and charge
against the owner of the property.
 
D.Notice to the owner may be given in person or by mail, or may be given to
any agent authorized by the owner to collect the rents or make repairs on the
property.
 
E.The owner of property abutting on any public street containing a sidewalk,
curb or gutter that has become defective and has resulted in causing damage
or injury as a result of such defective condition shall be primarily liable in
damages for any loss or damage sustained as a result of such defective
condition. The city shall not be held as assuming any such liability by reason
of inspection or reinspection authorized herein or by reason of the approval
or disapproval of any construction made or not made in accordance with
standards or specifications of this chapter or other applicable provisions of
this code. [Citations omitted].

El Paso Municipal Code § 13.04.050 (1999). The City calls our attention to Sections (A) and (E).
            In the absence of a valid ordinance to the contrary, the owner or occupant of land abutting
a public sidewalk does not owe a duty to the general public to keep the sidewalk in a safe condition. 
Parra v. F.W. Woolworth Co., Inc., 545 S.W.2d 596, 598 (Tex.Civ.App.--El Paso 1977, no writ). 
He can only be liable when he has made an unusual or special use of the walk or committed a
wrongful or unlawful act which caused the defect. Id. Sidewalks are a part of the street, and the duty
to maintain them in a reasonably safe condition for the use of the public rests upon the city and not
upon the property owner. Grapotte v. Adams, 130 Tex. 587, 111 S.W.2d 690 (1938); Parra, 545
S.W.2d at 598. 
            But here, Section 13.04.050 operates as a “valid ordinance to the contrary.” While Section
(A) requires an abutting owner to maintain the sidewalk, it does not impose a duty to comply with
the ordinance, and does not in and of itself render the owner liable for injuries. He only becomes
liable when the ordinance expressly imposes liability for injuries occasioned by the defective
condition. Id. at 599. Thus, we concentrate on Section (E): “The owner of property abutting . . .
a sidewalk . . . that has become defective and has resulted in . . . injury . . . shall be primarily liable
. . . for any loss or damage sustained. . . .” [Emphasis added]. El Paso Municipal Code
§ 13.04.050(E). 
            The Supreme Court has examined a similar ordinance which provided that the abutting
property owner should be “primarily liable” for any damages sustained as a result of a defective
condition. Texas Co. v. Grant, 182 S.W.2d 996, 999 (Tex. 1944). The terms “primarily liable” and
“primary liability” were plainly relative and connoted secondary liability on the part of the city. Id. 
Giving the phrases their ordinary and obvious meaning, the terms did not enlarge or diminish the
liability of either the abutting owner or the city. Id. “As between the two, the liability of the former
is primary to that of the latter” but that otherwise, the liability of the two was identical because it
arose from a breach of the same duty. Id., citing Houston Belt & Terminal R. Co. v. Scheppelman,
235 S.W. 206 (Tex.Comm’n App. 1921, judgm’t adopted).
            We conclude that the abutting property owner’s duties and responsibilities under the El Paso
Municipal Code do not relieve the City of its liability. Point of Error Three is overruled. Having
overruled all issues for our review, we affirm the trial court’s judgment.


August 5, 2004                                                            
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 5
Barajas, C.J., McClure, and Andell, JJ.
Andell, C.J. (sitting by assignment)