# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00083-CV

---

**City of Austin, Appellant**

**v.**

**Maria Furtado, Appellee**

---

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-005929, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING

---

### C O N C U R R I N G   A N D   D I S S E N T I N G   O P I N I O N

I concur with the Court's conclusion that the sunken area of the sidewalk, which was hidden from view when approaching from the direction that Furtado was walking, is a special defect of the kind and class covered by the Texas Tort Claims Act and that it posed an unexpected and unusual danger to ordinary users of the sidewalk. *See City of Austin v. Rangel*, 184 S.W.3d 377, 384 (Tex. App.—Austin 2006, no pet.) (concluding that "[a]n average pedestrian would not expect to encounter a hole of this size on a downtown public sidewalk" (citing Tex. Civ. Prac. & Rem. Code § 101.022(b); *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 238 (Tex. 1992))).

However, I dissent from the Court's analysis of the constructive-knowledge issue and its conclusion that Furtado neither adequately pled that the City should have known about the special defect nor introduced evidence raising a fact issue to defeat the City's plea to the jurisdiction. For the reasons explained below, I would conclude that Furtado's pleading was

sufficient to put the City on notice of her allegation that the City had constructive knowledge of the special defect. This, in turn, shifted the burden to the City to assert and prove that it lacked constructive knowledge—a burden the City failed to carry in its plea to the jurisdiction. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). And although now on appeal the City challenges Furtado's allegation that it should be charged with constructive knowledge, Furtado's photographs of the sidewalk raise a fact issue on this element of her claim. Accordingly, I would affirm the trial court's denial of the City's plea to the jurisdiction.

In my opinion, Furtado's allegation about the sidewalk's condition and the photographs showing the extent of the condition suffice to put the City on notice of her contention that the dangerous condition had existed long enough for the City to have discovered it (constructive knowledge), and thus to bring her claims under the Texas Tort Claims Act and shift the burden to the City to challenge the allegation. *See id.* at 231; *see also Rangel*, 184 S.W.3d at 384-85 (after plaintiff pled that City "knew or reasonably should have known of the condition" and that "a reasonable and careful inspection by [the City] would have revealed the condition," City then challenged that essential element of constructive knowledge, and this Court analyzed evidence produced by parties). In *Miranda*, a plurality of the Texas Supreme Court rejected a dissenting justice's conclusion that the pleadings in that case did not allege facts sufficient to invoke the trial court's jurisdiction, explaining that "Rules 45 and 47 require that the original pleadings give a short statement of the cause of action sufficient to give the opposing party fair notice of the claim involved," and that "Rule 45 does not require that the plaintiff set out in his pleadings the evidence upon which he relies to establish his asserted cause of action." 133 S.W.3d at 230 (citing Tex. R. Civ. P. 45, 47).

2

Here, in her amended petition, Furtado alleged that the "shattered sidewalk," which was "in complete disrepair," was a special defect and that the City "had, at the very least, constructive notice of the dangerous condition posed by the shattered city sidewalk" on which she fell. She included two photographs, which are also included in the Court's opinion. One shows the sidewalk from the direction in which Furtado was walking. There are two large, visible cracks—a horizontal crack that runs the width of the sidewalk and a large vertical crack that starts on the other side of the horizontal crack and runs diagonally a few feet over the next two squares of the sidewalk. Rather than being flat and level, the sidewalk appears to be somewhat raised in the middle underneath the vertical crack, which is some evidence from which a factfinder could infer that the cracking resulted from the shifting of the ground beneath the sidewalk. Next to the horizontal crack on the far side from the direction Furtado was walking, there is a significant portion of sidewalk that is rough and chipped away on the right, in the middle, and on the left (near the large hole Furtado stepped in). The concrete around the edges of the crack is broken and worn in a way that constitutes some evidence from which a factfinder could infer that a substantial amount of time had passed since the cracking of the sidewalk and sinking of the hole had occurred. *See Harris County v. Eaton*, 573 S.W.2d 177, 180 (Tex. 1978) (concluding that "in the context of this record, plaintiff's pictures of the hole in question offer some evidence it had existed for several weeks"). The sizable hole is on the left end of the horizontal crack, and as described in the Court's opinion, its depth is not apparent when approaching from the direction that Furtado was walking.

The photographs show a condition of disrepair that appears to have "existed for a substantial period of time," which courts have held may be enough in some cases to raise a fact issue about the defendant's constructive knowledge. *See, e.g.*, *Rangel*, 184 S.W.3d at 384 (citing *Eaton*, 573 S.W.2d at 180 (concluding that "the large depth and wear of the large hole in relation

3

to the other non-hazardous holes on the road is some evidence that the hole had existed for a long time"); *City of El Paso v. Chacon*, 148 S.W.3d 417, 426 (Tex. App.—El Paso 2004, pet. denied) (concluding plaintiff had sufficiently pled constructive knowledge of large hole on pedestrian sidewalk where utility pole had been removed by City and "the hole had been there for a substantial period of time")); *cf. Acosta v. State*, 429 S.W.3d 621, 625 (Tex. Crim. App. 2014) ("[T]he trier of fact may use common sense and apply common knowledge, observation, and experience gained in ordinary affairs when drawing inferences from the evidence."). I disagree with the Court's ultimate conclusion that there is no allegation pled and no evidence in the record from which a reasonable inference could be drawn that the City had constructive knowledge of the dangerous condition. In my view, the photographs show "all the small marks and indications of wear that would indicate age." *Eaton*, 573 S.W.2d at 180 (describing conclusion to be drawn from witness's testimony "that the hole 'looked like it had been there for a considerable amount of time'"). Particularly in the absence of any evidence presented by the City that would suggest that the condition had very recently or suddenly occurred, I would conclude the only reasonable inference to be drawn from the photographs is that the dangerous condition had existed for a substantial period of time at the time Furtado fell.

The Court concludes that "Furtado failed to plead facts affirmatively demonstrating constructive knowledge of the alleged defect." I dissent based on my conclusion that when "we construe the pleadings liberally in favor of the plaintiff[] and look to [her] intent," as required, Furtado has stated a claim under the Texas Tort Claims Act against the City for a special defect and has met her burden to allege sufficient facts to satisfy the notice-pleading standard and invoke the trial court's jurisdiction over her claim. *See, e.g.*, *Miranda*, 133 S.W.3d at 226.

4

The City did not challenge below, nor does it challenge on appeal, the adequacy of Furtado's pleading of constructive knowledge. The City failed to carry its burden on this issue by making no assertion in its plea that it lacked constructive knowledge. I am troubled by the City's asserting for the first time on appeal that it lacked constructive knowledge, using evidence that it introduced in the trial court to demonstrate its lack of actual knowledge to support its newly claimed lack of constructive knowledge. In Furtado's response to the City's plea, she asserted that the deep hole was a special defect, included pictures that show it was not something that could have happened immediately or shortly before her fall, and asserted that "fact issues remain regarding the City's constructive knowledge of the condition." The City failed to respond to these arguments with a further written submission or with argument or evidence at the hearing on its plea.[1] While it is true that the defense of sovereign immunity "sufficiently implicates subject-matter jurisdiction" to allow a defendant to raise the issue for the first time on appeal, "[r]aising the defense at the earliest opportunity is certainly a preferred practice." *Manbeck v. Austin Indep. Sch. Dist.*, 381 S.W.3d 528, 530 (Tex. 2012) (citing *Rusk State Hosp. v. Black*, 392 S.W.3d 88 (Tex. 2012)); *see also Hendee v. Dewhurst*, 228 S.W.3d 354, 375 (Tex. App.—Austin 2007, pet.

---

[1] The only evidence that the City points to on appeal is Christopher Ahrens's affidavit attesting that "[d]ue to the tremendous area of sidewalks within the City, at the time of the subject incident the City of Austin did not have a sidewalk inspection program, and instead relied on requests for service and complaints to the 311 system to know when sidewalk repairs were necessary." In my view, this evidence supports the City's assertion that it lacked actual knowledge but is not sufficient to support the City's new argument that it should not have known of the dangerous condition of the deep hole and to shift the burden to Furtado to introduce evidence raising a fact issue. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). But even if we were to assume that the burden had shifted on appeal to Furtado, the pictures of the deep hole are enough to raise a fact issue in the absence of any evidence from the City (much less conclusive evidence) indicating that the hole had been there too short a time for the City to be charged with constructive knowledge. *See, e.g., City of Austin v. Rangel*, 184 S.W.3d 377, 384 (Tex. App.—Austin 2006, no pet.).

denied) (concluding that principles of *Miranda* precluded consideration of challenge to jurisdictional evidence that overlapped with merits when raised for first time on appeal). Especially here, when Furtado pled constructive knowledge and argued it in her response to the City's plea, the City's end run around the plea-to-the-jurisdiction procedure is problematic. Such a tactic defeats the purpose of what is designed to be a comprehensive process that allows trial courts to determine as early as possible whether they have jurisdiction over a case. *See Miranda*, 133 S.W.3d at 233 ("Trial courts should decide dilatory pleas early at the pleading stage of litigation if possible.").

In my opinion, the photographs depicting the extent of the sidewalk's disrepair, the depth of the hole, and the reasonable inference from the photographs that the condition had existed for a substantial period of time are sufficient evidence to raise a fact issue on the City's constructive knowledge, and therefore, instead of reversing and remanding, I would affirm.[2] *See Brantley v. Texas Youth Comm'n*, 365 S.W.3d 89, 94 (Tex. App.—Austin 2011, no pet.) ("Our ultimate inquiry is whether the plaintiff's pleaded and un-negated facts, taken as true and liberally construed with an eye to the pleader's intent, would affirmatively demonstrate a claim or claims within the trial court's subject-matter jurisdiction.").

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana and Kelly

Filed:   December 31, 2021

_____

[2] In addition, because I conclude that Furtado has met her burden on the element of the City's constructive knowledge, I would not reach the issue of the City's actual knowledge. *See* Tex. R. App. P. 47.1.