**Mary STOKES and Pat Stokes, Appellants,**

v.

**The CITY OF SAN ANTONIO, Appellee.**

No. 04–96–00630–CV.

Court of Appeals of Texas, San Antonio.

April 30, 1997.

Stuart Dean Holden, Ballinger, for appellant.

Regina Bacon Criswell, Office of City Attorney, Litigation Division, San Antonio, for appellee.

Before STONE, GREEN and DUNCAN, JJ.

GREEN, Justice.

This is an appeal from a negligence claim in which the trial court granted summary judgment in favor of the City of San Antonio. Based upon our determination that the City established that it did not have actual knowledge of the premise defect, we will affirm.

### Facts

Mary and Pat Stokes, husband and wife, sued the City of San Antonio for negligence. In their petition, they alleged that on August 28, 1993, Mary tripped over a pipe coupling protruding slightly above the level of the sidewalk near the intersection of North Presa and Commerce Streets, causing her to fall and fracture her arm. The City moved for summary judgment on the grounds that it was entitled to judgment as a matter of law because (1) it had sovereign immunity, (2) the legal duty to maintain sidewalks and keep them free from defects was on the abutting property owner, not the City, (3) even if the City owed a duty, it only owed the Stokes the same duty that a private person owes a licensee since the defect at issue was a premise defect and not a special defect, and (4) the City did not breach this duty since it did not have actual knowledge of the defect at the time of the accident. In support of its motion, the City submitted affidavits from Jesse Castro, the City's street maintenance superintendent, and Ali Gord, a traffic operations engineer for the City of San Antonio; each testified by affidavit that after searching their records, they could not find any incident or complaint concerning the sidewalk in question.

The Stokes responded to the City's motion, claiming that (1) the City could not shift its duty to maintain sidewalks to another, (2) the defect at issue was a special defect and not a premise defect, and (3) even if the defect was a premise defect, the City breached its duty because it had actual knowledge of the defect. In support of the Stokes' argument that the City had actual knowledge of the defect, Pat Stokes submitted his own affidavit, swearing that while his wife was being treated at Santa Rosa Hospital, he was approached by a man who identified himself as Mr. Matta and who claimed to be a representative of the City of San Antonio. Pat testified that after Matta apologized for the accident, he "stated that he had a work crew at the scene digging up the pipe, and also said that it should have been done a long time ago." The City filed written objections to Pat Stokes' affidavit.

The trial court granted the City's motion for summary judgment "in all things." The Stokes appealed. In their first point of error, the Stokes attack the court's judgment, alleging that the City owed them a duty; in their second point of error, they claim that the defect at issue was a special defect, of

which the City knew or should have known. In the event that the defect is not a special defect, the Stokes, in their third point of error, argue that a fact issue exists regarding whether the City had actual knowledge of the pipe coupling.

### Discussion

#### Standard of Review

To prevail on summary judgment, the movant must show that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. TEX. R.CIV.P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995); *Nixon v. Mr. Property Management, Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In determining whether a material fact issue exists, the court considers all evidence favorable to the nonmovant as true and resolves every reasonable inference in favor of the nonmovant. *Cathey*, 900 S.W.2d at 341; *Nixon*, 690 S.W.2d at 548–49. If the defendant moves for summary judgment, he must negate at least one element of the plaintiff's cause of action or conclusively establish an affirmative defense. *Cathey*, 900 S.W.2d at 341.

#### Special and Premise Defects

In their second point of error, the Stokes contend the defect at issue was a special defect, rather than a premise defect.

The determination of whether the defect in question is a premise or special defect, as defined by the Texas Tort Claims Act (TTCA), TEX. CIV. PRAC. & REM.CODE ANN. § 101.022 (Vernon 1986), affects the elements that the plaintiffs must prove to establish their negligence claim. *See State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex.1992) (op. on reh'g). In defining what type of duty a governmental entity owes a claimant, section 101.022 provides:

(a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by Section 101.060.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.022. Thus, to establish a claim based on a premise defect, the plaintiffs must prove that: (1) a condition of the premises created an unreasonable risk of harm to the licensee, (2) the owner actually knew of the condition, (3) the licensee did not actually know of the condition, (4) the owner failed to exercise ordinary care to protect the licensee from danger, and (5) the owner's failure was a proximate cause of injury. *Payne*, 838 S.W.2d at 237. In order to prove a claim premised on a special defect, the plaintiffs must establish that: (1) a condition of the premises created an unreasonable risk of harm to the invitee, (2) the owner knew or should have known of the condition, (3) the owner failed to exercise ordinary care to protect the invitee from danger, and (4) the owner's failure was a proximate cause of injury to the invitee. *Id.* The City contends that it proved that the pipe coupling was a premise defect and that it negated element (2) of that particular cause of action by demonstrating that it did not have actual knowledge of the defect.

Whether a condition is a premise or special defect is a question of law for the courts to decide. *State v. Burris*, 877 S.W.2d 298, 299 (Tex.1994); *Payne*, 838 S.W.2d at 238. Special defects include excavations or obstructions on highways, roads, or streets. TEX. CIV. PRAC. & REM.CODE ANN. § 101.022(b); *Payne*, 838 S.W.2d at 238. Courts have generally characterized special defects as unexpected and unusual dangers to ordinary users of the roadway. *Payne*, 838 S.W.2d at 238; *Harris County v. Smoker*, 934 S.W.2d 714, 718 (Tex.App.—Houston [1st Dist.] 1996, writ requested). "A special defect is distinguished by some unusual quality outside the ordinary course of events, and a longstanding, routine, or permanent condition is not a special defect." *Smoker*, 934 S.W.2d at 718–19; *see Mitchell v. City of Dallas*, 855 S.W.2d 741, 747–48 (Tex.App.—Dallas 1993), *aff'd*, 870 S.W.2d 21

(Tex.1994). In making this determination, courts often consider the size of the defect. *See County of Harris v. Eaton,* 573 S.W.2d 177, 179 (Tex.1978). For purposes of this appeal, we will assume that the sidewalk is part of the roadway.

Cases in which courts found the existence of a special defect involved unusual, dangerous, and relatively large defects. *See, e.g., Eaton,* 573 S.W.2d at 178–79 (oval-shaped hole 6 to 10 inches deep extending across 90 percent of roadway, which caused car travelling at 35 miles per hour to flip over); *Smoker,* 934 S.W.2d at 719 (uncovered storm sewer hole located on part of street where pedestrian would normally walk); *Roberts v. City of Grapevine,* 923 S.W.2d 169, 171 (Tex. App.—Fort Worth 1996, writ requested) (stairway in state of disrepair resulting in injury to pedestrian who stepped into hole while attempting to ascend stairs); *Morse v. State,* 905 S.W.2d 470, 475 (Tex.App.—Beaumont 1995, writ denied) (10 to 12 inch deep drop-off on shoulder of road caused driver to lose control of vehicle); *Stambaugh v. City of White Oak,* 894 S.W.2d 818, 820 (Tex.App.—Tyler 1994, no writ) (caved-in portion of road 15 feet wide and 10 feet long); *State v. Nichols,* 609 S.W.2d 571, 573 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.) (caved-in portion of highway 3 to 4 feet deep extending across entire highway); *State v. McBride,* 601 S.W.2d 552, 558 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.) (slick, muddy excavation of highway so severe that car travelling at less than 35 miles per hour spun out of control); *Miranda v. State,* 591 S.W.2d 568, 569 (Tex. Civ.App.—El Paso 1979, no writ) (flood water 2 feet deep across highway); *Andrews v. City of Dallas,* 580 S.W.2d 908, 909–11 (Tex. Civ.App.—Eastland 1979, no writ) (base of traffic signal extending 26 inches above street level and 6 inches from roadway); *City of Houston v. Jean,* 517 S.W.2d 596, 598–99 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.) (ditch 4 feet from unmarked dead end of street at poorly lighted "T" intersection).

Other courts have found that certain conditions were premise defects because they were not so unexpected or unusual as to constitute a special defect. *See, e.g., State Dep't of Highways and Pub. Transp. v. Kitchen,* 867 S.W.2d 784, 786 (Tex.1993) (icy bridge during conditions of freezing temperatures was not "unexpected and unusual"); *Payne,* 838 S.W.2d at 236–37 (unmarked culvert 22 feet from roadbed and obscured by vegetation was too far from road to be danger to ordinary users of roadway); *Bishop v. City of Big Spring,* 915 S.W.2d 566, 568 (Tex.App.—Eastland 1995, no writ) (meter box hole located between street and fence); *Hindman v. State Dep't of Highways & Pub. Transp.,* 906 S.W.2d 43, 44–45 (Tex.App.—Tyler 1994, writ denied) (bump on shoulder of road, 2½ inches above level of road, 2½ in length, and occupying approximately ⅛ of shoulder's width, resulting in injuries to bicyclist); *Mitchell,* 855 S.W.2d at 744 (15 to 25 foot drop-off created by construction of wall was longstanding and permanent condition and not special defect); *Villarreal v. State,* 810 S.W.2d 419, 420 (Tex.App.—Dallas 1991, writ denied) (roadway median that created condition where motorist could enter exit ramp going wrong direction was permanent condition, not special defect); *Blankenship v. County of Galveston,* 775 S.W.2d 439, 440 (Tex.App.—Houston [1st Dist.] 1989, no writ) (wet algae on rocks at base of seawall stairway).

In the instant case, the City submitted photos of the pipe coupling to the trial court. In its appellate brief, the City notes that the pipe coupling was only three to four inches in diameter and protruded approximately one-half inch above the level of the sidewalk. Although neither party presented the exact measurements of the coupling in question to the trial court, the court was able to view the photos that the City had submitted. As evidenced by the photos, the pipe coupling in question did not create a dangerous obstacle in the middle of the sidewalk. The protrusion was more akin to the bump in the road in *Hindman* since the protrusion was very small and only took up a small portion of the walkway. Moreover, small deviations and imperfections are generally expected to be encountered on sidewalks. We conclude that the protrusion of the pipe coupling in question was not such an unexpected and unusual danger so as to constitute

a special defect; instead, the protrusion was a premise defect.

▮ Because we find that the defect in question was not a special defect, but instead a premise defect, we must now address the Stokes' third point of error and determine whether a fact issue exists regarding the City's actual knowledge of the pipe coupling. As summary judgment proof, the City presented affidavits from Castro, its street maintenance superintendent, and Gord, its traffic operations engineer. Both swore that, prior to the instant case, there was no record of any complaint or incident relating to the pipe coupling. The Stokes claim that Pat Stokes' affidavit presents a fact issue concerning the City's knowledge of the pipe coupling; in particular, they aver that Matta's statement that "it should have been done a long time ago" demonstrates the City's prior knowledge of the condition. We disagree. Mr. Matta's alleged statement is not probative of the City's actual knowledge. Nowhere in the affidavit does Pat refer to Matta's or the City's actual knowledge of the pipe coupling's protrusion. Consequently, the Stokes did not controvert the City's summary judgment evidence concerning its lack of actual knowledge.

Because the condition at issue was a premise defect and the City established that it did not know of the defect, the City negated one element of the Stokes' cause of action. Thus, the trial court did not err in granting the City's motion for summary judgment. The Stokes' second and third points of error are overruled. Because the City established one of its grounds for summary judgment, we do not address the Stokes' other point of error attacking other grounds in the City's motion.

The judgment of the trial court is affirmed.