No. 04-00-00597-CV



Raul D. BUENO, Jr.,


Appellant



v.



CITY OF SAN ANTONIO,


Appellee



From the 73rd Judicial District Court, Bexar County, Texas


Trial Court No. 99-CI-03780


Honorable Martha Tanner, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: April 4, 2001 


AFFIRMED


 Raul D. Bueno, Jr. appeals the trial court's summary judgment against him in his suit against
the City of San Antonio for personal injuries sustained when Bueno fell into an open manhole while
jogging. We affirm.



Standard of Review


 We review a summary judgment de novo. Valores Corporativos, S.A. de C.V. v. McLane Co.,
945 S.W.2d 160, 162 (Tex. App.-San Antonio 1997, writ denied). Accordingly, we will uphold a
Rule 166a(c) summary judgment only if the summary judgment record establishes there is no genuine
issue of material fact, and the movant is entitled to judgment as a matter of law on a ground set forth
in the motion. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Property Management Co., 690 S.W.2d 546,
548-49 (Tex. 1985). In deciding whether the summary judgment record establishes the absence of
a genuine issue of a material fact, we view as true all evidence favorable to the respondent and
indulge every reasonable inference and resolve all doubts in his favor. Id.

Discussion


 Bueno contends the trial court erred in granting the City's motion for summary judgment
because there are material issues of fact regarding whether the City had notice of the uncovered
manhole and whether the uncovered manhole constitutes a special defect. We disagree for at least two
reasons. First, Bueno waived these arguments by failing to raise them in his response to the motion
for summary judgment. See Tex. R. Civ. P. 166a(c); McConnell v. Southside Indep. Sch. Dist., 858
S.W.2d 337, 341 (Tex. 1993). Second, even if the alleged defect was a special defect, Bueno was
required to meet the City's motion by producing competent summary judgment evidence to raise an
issue of fact regarding constructive notice to the City of the missing manhole cover; but Bueno at
most provided his own statement that the City should have known of the possibility that the manhole
cover could be removed by pranksters or children. See, e.g., Stokes v. City of San Antonio, 945
S.W.2d 324, 326 (Tex. App.-San Antonio 1997, no writ) (constructive notice required to establish
liability for special defect); see also Mercer v. Daoran Corp., 676 S.W.2d 580, 583 (Tex. 1984)
(conclusory statement insufficient to raise issue of fact). We therefore overrule Bueno's point of error
and affirm the trial court's judgment.


 Sarah B. Duncan, Justice

Do not publish