NUMBER 13-01-211-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI


JUANITA M. DIPPEL, Appellant,


v.


REFUGIO COUNTY MEMORIAL HOSPITAL DISTRICT, Appellee.


On appeal from the 267th District Court

of Refugio County, Texas.



O P I N I O N


Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Chief Justice Valdez


Juanita Dippel, a hospital volunteer on her way to work at Refugio County Memorial Hospital, tripped and fell on a mound
of asphalt or pavement in a street immediately adjacent to the hospital. She suffered personal injuries, and brought suit
against the City of Refugio and the Refugio County Memorial Hospital District. The Hospital District filed a traditional
motion for summary judgment on grounds that Dippel's premises liability action was barred by the premises liability
provisions of the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. § 101.001 - 101.109 (Vernon 1997 &
Supp. 2001). The trial court granted the Hospital District's motion for summary judgment and severed the judgment into a
separate cause number. 

Dippel raises two issues on appeal. Dippel first argues that the trial court erred in denying her special exceptions to the
Hospital District's motion for summary judgment. Second, Dippel argues that the trial court erred in granting the Hospital
District's motion for summary judgment. After due consideration of these issues, we affirm the judgment of the trial court.

I.

Special Exceptions

In her first point of error, Dippel argues that the trial court erred in failing to sustain her special exceptions to the Hospital
District's motion for summary judgment. In its motion for summary judgment, the Hospital District argued that: it is
immune for tort claims except as provided by the Tort Claims Act; the Tort Claims Act allows for a waiver of immunity for
premise and special defects under section 101.022; Dippel is a licensee rather than an invitee; the Hospital District cannot
be liable to Dippel because it does not own, maintain, or control the property where she fell; no one associated with the
Hospital District had any knowledge of the allegedly hazardous condition prior to Dippel's fall; and Dippel and her
daughter were aware of the hazardous condition prior to her fall. 

Dippel filed special exceptions to the Hospital District's motion for summary judgment, arguing that the motion was so
vague and ambiguous that it failed to set forth specific grounds for summary judgment. The Hospital District responded to
Dippel's special exceptions contending that its motion was sufficiently clear and articulating the basis for summary
judgment, "for clarification," as follows:

 


 Defendant Hospital District [did] not own the street where Plaintiff fell;


 


 As Defendant Hospital District did not own the street, it had no duty to maintain it or to warn Plaintiff of any alleged
defects;


 


 Plaintiff was aware of the condition of the street;


 


 Defendant Hospital District was not aware of the condition of the street prior to Plaintiff falling; [and]


 


 Plaintiff was a licensee.


The trial court overruled Dippel's special exceptions, and granted summary judgment in favor of the Hospital District.

A motion for summary judgment should state the specific grounds for summary judgment. Tex. R. Civ. P. 166a(c). If the
motion or response states grounds that are unclear or ambiguous, it is a "prudent practice" to file special exceptions. 
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex.1993); see Harwell v. State Farm Mut. Auto Ins. Co.,
896 S.W.2d 170, 175 (Tex. 1995). The purpose of special exceptions in the summary judgment procedure is to ensure that
the parties and the trial court are focused on the same grounds. McConnell, 858 S.W.2d at 342; see Clement v. City of
Plano, 26 S.W.3d 544, 550-51 (Tex. App.-Dallas 2000, no pet.) (discussing special exceptions in summary judgment
practice). A summary judgment motion must stand or fall on the grounds expressly presented in the motion. McConnell,
858 S.W.2d at 342.

A trial court has broad discretion in ruling on special exceptions. Burgess v. El Paso Cancer Treatment Ctr., 881 S.W.2d
552, 554 (Tex. App.-El Paso 1994, writ denied). An order of the trial court overruling special exceptions will be reversed
only upon a showing that the trial court abused its discretion. Id.; Krupicka v. White, 584 S.W.2d 733, 737 (Tex. Civ.
App.-Tyler 1979, no writ). The test for abuse of discretion is whether the trial court acted without reference to any guiding
rules and principles or, equivalently, whether under all the circumstances of the particular case, the trial court's action was
arbitrary or unreasonable. Koslow's v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990); Pedraza v. Crossroads Sec. Sys., 960
S.W.2d 339, 342 (Tex. App.-Corpus Christi 1997, no pet.). That a trial court may decide a matter within its discretionary
authority in a different manner than an appellate judge does not demonstrate an abuse of discretion. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 

In determining whether the Hospital District's motion for summary judgment was vague and unclear, the Court will not
consider the Hospital's "clarification" of its motion for summary judgment contained in the Hospital's written response to
Dippel's special exceptions. See O'Connell, 858 S.W.2d at 341 (a motion for summary judgment "must itself expressly
present the grounds upon which it is made;" a motion must stand or fall on the grounds "expressly presented in the
motion"). Rather, we focus on the text of the motion itself in determining whether the motion for summary judgment was
vague or unclear.

Having reviewed the Hospital District's motion for summary judgment, we conclude that the trial court did not abuse its
discretion in overruling Dippel's special exceptions. See Burgess, 881 S.W.2d at 554. The grounds for summary judgment
referenced in the Hospital District's motion are sufficiently clear. The Hospital District identifies its affirmative defense of
sovereign immunity, discusses the premises liability exception provided by the Texas Tort Claims Act, and attacks several
elements of Dippel's premises liability cause of action. Cf. Clement, 26 S.W.3d at 550 (trial court erred in overruling
special exceptions where defendant's motion failed to identify affirmative defense or address its elements). Accordingly, we
overrule appellant's first issue.

II.

Summary Judgment 


In her second issue, Dippel argues that the trial court erred in granting the Hospital District's motion for summary
judgment. The standards for reviewing a traditional summary judgment are well established. See Sysco Food Servs. v.
Trapnell, 890 S.W.2d 796, 800 (Tex. 1994); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The
Texas Supreme Court has established the rules for reviewing a motion for summary judgment:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is
entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

Nixon, 690 S.W.2d at 548-49. 

The summary judgment movant must establish its entitlement to summary judgment as a matter of law on each cause of
action alleged. Clark v. First Nat'l Bank of Highlands, 794 S.W.2d 953, 955 (Tex. App.-Houston [1st Dist.] 1990, no
writ); see also Tex. R. Civ. P. 166a(c). When the defendant is the movant, summary judgment is proper only if the plaintiff
cannot succeed upon any theory pleaded as a matter of law. Turner v. Church of Jesus Christ Latter Day Saints, 18 S.W.3d
877, 886 (Tex. App.-Dallas 2000, pet. denied). The defendant must either conclusively negate an element from each of the
plaintiff's causes of action or conclusively establish every element of an affirmative defense. See Black v. Victoria Lloyds
Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990); Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972). In response, the plaintiff can
bar summary judgment by presenting evidence that creates a fact question on the challenged elements of the plaintiff's case
or by showing that the defendant's legal position is unsound. Puga v. Donna Fruit Co., 634 S.W.2d 677, 680-81 (Tex.
1982); Torres v. W. Cas. & Sur. Co., 457 S.W.2d 50, 52 (Tex. 1970); Estate of Devitt, 758 S.W.2d 601, 602 (Tex.
App.-Amarillo 1988, writ denied)). 

In its motion for summary judgment, the Hospital District alleged that it was a unit of local government, and thereby
granted immunity in tort except as provided by the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. §
101.001 - 101.109 (Vernon 1997 & Supp. 2001). A governmental unit is immune from tort liability unless the legislature
has waived immunity. See Harris County v. Dillard, 883 S.W.2d 166, 168 (Tex. 1994). Exceptions to sovereign immunity
are generally dependent entirely upon statute. See Dallas Cty. MHMR v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998). 

The Texas Tort Claims Act provides for governmental liability for personal injuries caused by a condition of real property
if the governmental unit would, were it a private person, be liable under Texas law. Tex. Civ. Prac. & Rem. Code Ann.
§101.021 (Vernon 1997); see City of Grapevine v. Roberts, 946 S.W.2d 841, 843 (Tex. 1997). The Act provides different
standards of care for landowners depending on whether the claim arises from an ordinary premises defect or a special
defect. Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a) (Vernon 1997); City of Grapevine, 946 S.W.2d at 843.

Under the Tort Claims Act, if a claim arises from a "premise defect" and the claimant did not pay for the use of the
premises, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private
property. Tex. Civ. Prac. & Rem. Code Ann. §101.022 (a) (Vernon 1997); see Tex. Dept. of Transp. v. Able, 35 S.W.2d
608, 612 (Tex. 2000). That duty requires that a landowner not injure a licensee by willful, wanton or grossly neglectful
conduct. State Dept. of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 237 (Tex. 1992) (op. on reh'g). Absent
allegations of willful, wanton, or grossly negligent conduct, a licensee must prove that (1) a condition of the premises
created an unreasonable risk of harm to the licensee, (2) the owner actually knew of the condition, (3) the licensee did not
know of the condition, (4) the owner failed to exercise ordinary care to protect the licensee from danger, and (5) the owner's
failure was a proximate cause of injury to the licensee. Id. 

On the other hand, if the condition is a special defect, the landowner owes a plaintiff the same duty that a private landowner
owes an invitee. Payne, 838 S.W.2d at 237; see also Tex. Civ. Prac. & Rem. Code Ann. §101.022(b) (Vernon 1997). That
duty requires the landowner to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a condition
of the premises of which the owner is or reasonably should be aware. City of Grapevine, 946 S.W.2d at 843.

Determining whether a condition is a special defect or an ordinary premise defect is a question of law for the court to
decide. Id.; State v. Burris; 877 S.W.2d 298, 299 (Tex. 1994). A condition may be a special defect only if it is an
excavation, obstruction, or some other condition which presents an unexpected or unusual danger to ordinary users of
roadways. Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b); Burris, 877 S.W.2d at 299;Tex. Dep't of Transp. v. Velasco,
40 S.W.3d 702, 704 (Tex. App.-San Antonio 2001, no pet.). The test for unexpectedness is objective. City of Fort Worth
v. Gay, 977 S.W.2d 814, 819 (Tex. App.-Fort Worth 1998, no pet.); Hindman v. State Dep't of Highways & Pub. Transp.,
906 S.W.2d 43, 45 (Tex. App.-Tyler 1995, writ denied). 

A special defect is distinguished by some unusual quality outside the ordinary course of events, and a longstanding, routine,
or permanent condition is not a special defect. Stokes v. City of San Antonio, 945 S.W.2d 324, 326 (Tex. App.-San Antonio
1997, no pet.). In making this determination, courts often consider the size of the defect. Id.; see City of Harris v. Eaton,
573 S.W.2d 177, 179 (Tex. 1978). Cases in which courts have found the existence of a special defect typically involve
unusual, dangerous, and relatively large defects. See Stokes, 945 S.W.2d at 327 (and cases cited therein).

The Hospital District's duty of care to Dippel thus depends on whether the mound constituted a premises defect or a special
defect. Dippel argued that the mound constituted a special defect under the Act; the Hospital's arguments are generally
premised on an analysis of the mound as a regular premises defect. 

Based on the evidence and the foregoing law, we conclude that the mound did not constitute a special defect. A bump in
the pavement is not an "unexpected" or "unusual" condition. Cf. City of Fort Worth, 977 S.W.2d at 819 (water in gutter
was not unexpected or unusual); Stokes, 945 S.W.2d at 327-28 (protruding pipe in sidewalk was not unexpected and
unusual); Hindman, 906 S.W.2d at 45-56 (two and a half inch tall bump in shoulder of highway, one foot wide and two feet
long, was not unexpected or unusual). Dippel testified that the bump had been there at least four to six months before she
fell, so the mound appears to have been a relatively longstanding condition in the pavement. Further, the mound was
apparently only ten to twelve inches long and two to six inches tall, and was thus a relatively small and minor defect. Cf.
Stokes, 945 S.W.2d at 327 (analyzing cases involving special defects); see City of Grapevine, 945 S.W.2d at 843 (cracked
and crumbled step in staircase is not a defect of the "same kind or class as the excavations or obstructions the statute
contemplates"). Thus, the bump or mound constituted a premises defect rather than a special defect. 

In order to succeed on a premises liability claim for a regular premises defect, Dippel was required to show that (1) a
condition of the premises created an unreasonable risk of harm to her, (2) the Hospital District actually knew of the
condition, (3) Dippel did not know of the condition, (4) the Hospital District failed to exercise ordinary care to protect
Dippel from danger, and (5) the Hospital District's failure was a proximate cause of injury to the licensee. Payne, 838
S.W.2d at 237. In its motion for summary judgment, the Hospital argued that no one associated with the Hospital District
had any knowledge of the allegedly hazardous condition prior to Dippel's fall, and Dippel and her daughter were aware of
the hazardous condition prior to her fall. The Hospital District produced uncontradicted evidence that Dippel knew of the
mound and the hazard it posed before her fall, and uncontradicted evidence that it had no actual knowledge about the
mound. Therefore, we conclude that the Hospital District's motion for summary judgment was meritorious. We overrule
appellant's second issue. 

Having overruled each of appellant's issues on appeal, we affirm the judgment of the trial court.

ROGELIO VALDEZ

Chief Justice



Do Not Publish.

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 31st day of January, 2002.