Opinion issued June 17, 2025



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00329-CV

———————————

**THE CITY OF HOUSTON, Appellant**

**V.**

**CIARA PAGE, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF MICHAEL WAYNE PETITT, Appellee**

---

On Appeal from the 334th District Court
Harris County, Texas
Trial Court Case No. 2023-33040

---

## MEMORANDUM OPINION

Ciara Page's father died after a bicycle accident that Page alleges was caused by an uncovered storm drain in the City of Houston. The trial court denied the City's motion to dismiss under Texas Rule of Civil Procedure 91a, in which it argued that Page failed to plead facts that would show a waiver of the City's

governmental immunity. On appeal, the City argues that Page failed to plead facts showing that it owned or controlled the premises where the bicycle accident occurred and showing that the condition of the sidewalk was a special defect.

We affirm.

## Background

Michael Wayne Petitt died from injuries sustained in a bicycle accident allegedly caused when his front tire hit an unmarked and uncovered storm drain while he rode his bicycle on a sidewalk in Houston. Petitt's daughter, Ciara Page, sued BSA Associates, Inc. d/b/a Louisiana Famous Fried Chicken and Sea Food ("BSA"), Zulka Corporation, and the City of Houston. Among other things, Page pleaded that jurisdiction was proper as to the City under Texas Civil Practice and Remedies Code section 101.021 because the suit alleged personal injuries and death caused by the condition or use of the City's real property.

The City filed a motion to dismiss under Texas Rule of Civil Procedure 91a arguing that Page failed to plead facts to demonstrate a waiver of immunity. In particular, the City argued that Page pleaded no facts to show:

- The claims fall within the Texas Tort Claims Act's waiver of immunity for premises defects.

- The City is the owner of real property abutting the sidewalk or the sidewalk where the accident occurred.

- The City was responsible to maintain the property where the accident occurred.

2

- The City had actual knowledge of an unreasonable risk of harm due to the uncovered drain.

In response, Page amended her pleading. In her second amended petition, she included the following relevant allegations:

> Jurisdiction as to the City of Houston is proper under Section 101.021 of the Texas Civil Practice and Remedies Code because this suit involves personal injuries and death caused by the condition or use of real property of Defendant City of Houston. The Texas Legislature waived immunity for claims involving personal injury or death caused by a condition or use of real property where the governmental unit would, were it a private person, be liable to the Plaintiff according to Texas Law. The condition Plaintiff complains of herein existed on property under the control of the City of Houston. Further, the condition of which Plaintiff herein complains represents a special defect. *See* Tex. Civ. Prac. & Rem. Code Ann. 101.022(b).
>
> . . . .
>
> On or about December 25, 2021, Michael Wayne Petitt was riding his bicycle to visit family for Christmas. His route took him, on a sidewalk easement, across Defendants' property at 595 West Little York Rd., Houston, Texas 77091 (the "Property"). The Property was owned by Zulka and leased to BSA. The City of Houston owned a portion of the Property at 595 West Little York Rd. and also maintained an easement and right of way on the Property for utilities and sidewalk. As Mr. Petitt crossed the Property on the sidewalk easement, the front wheel of his bicycle hit a dark, unmarked, uncovered storm drain. The impact caused Mr. Petitt to be ejected from his bicycle. . . .
> . . . .
> An uncovered storm drain, such as the one present on the Property on the night of Mr. Petitt's demise, represents an unreasonable risk of harm. Shortly after the incident, photos were taken of the drain, showing an orange traffic cone inside the drain. The cone was covered in dirt and trash and was only visible to someone looking directly down into the drain. The cone had apparently been placed near the drain to warn of the missing cover.

The trash and dirt covering the cone indicate that it had fallen into the drain quite some time before the day of Mr. Petitt's crash. This shows that someone responsible for the condition of the Property had actual knowledge of the dangerous condition. It is certain that at least one of the Defendants had actual knowledge of the dangerous condition.

. . . .

Under Texas law, an uncovered storm drain on a sidewalk easement represents a special defect. . . . The storm drain was on a sidewalk easement and was uncovered when Mr. Petitt's bike tire hit it. . . . there was a traffic cone hidden inside the uncovered drain at the time of the incident. . . . Discovery in this case will reveal whether the City of Houston had actual knowledge of the dangerous condition. . . .

\* \* \*

In addition to amending her pleading, Page argued that she had properly pled a prima facie case for premises defect and special defect and that the City's motion should be denied. The City replied, arguing that Page again failed to plead facts that: (1) identify the City as the owner of real property abutting the sidewalk; (2) show the City was responsible for maintaining the property; (3) demonstrate that her claim falls within the TTCA waiver for premises defects; or (4) establish that the City had actual knowledge of an unreasonable risk of harm to Petitt. In addition, in response to Page's new allegations of special defect, the City argued that she failed to plead facts that demonstrate that Petitt's accident was caused by the City's violation of a "duty to warn of special defects such as excavations or obstructions on a highway, road, or a street."

The court denied the City's motion, and the City appealed.

4

**Analysis**

In two issues, the City contends that the trial court erred by denying the motion to dismiss because Page failed to plead facts demonstrating that the City controlled or owned the premises where the bicycle accident happened and failed to plead facts bringing her claim within the Texas Tort Claims Act's (TTCA) special defect waiver.

## I.     Standards of Review

### A.     A plaintiff suing a governmental entity must demonstrate a legislative waiver of immunity.

"Political subdivisions of the State are immune from suits for damages unless their immunity is waived by the Legislature." *City of San Antonio v. Riojas*, 640 S.W.3d 534, 536 (Tex. 2022); *see Rattray v. City of Brownsville*, 662 S.W.3d 860, 865 (Tex. 2023) (stating that only Legislature, as governmental branch constitutionally empowered to manage State's financial affairs, can waive sovereign or governmental immunity).[1] A plaintiff must affirmatively demonstrate that the trial court has jurisdiction by showing that his claim falls within a statutory waiver of immunity. *Rattray*, 662 S.W.3d at 865. To make this showing at the pleading stage, the plaintiff must allege facts that, if true, establish a statutory

---

[1]     "Immunity from suit recognizes the judiciary's limited authority over its sovereign creator and thus implicates the courts' subject-matter jurisdiction to resolve a dispute against the state." *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019).

waiver of immunity and negate any relevant statutory provisions that withdraw that waiver. *Id.* at 867.

**B.** **A governmental entity may challenge the court's jurisdiction on grounds of immunity in a Rule 91a motion to dismiss.**

Under Rule 91a, a party may move to dismiss a baseless cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1. A Rule 91a motion to dismiss "must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." TEX. R. CIV. P. 91a.2. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1; *see In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021). "We review a trial court's ruling dismissing a case under Rule 91a de novo." *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021).

We construe the pleadings liberally in favor of the plaintiff, look to the plaintiff's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Houston Indep. Sch. Dist. v. Kannady*, 702 S.W.3d 790, 793 (Tex. App.—Houston [1st Dist.] 2024, no pet.). In doing so, we "may not consider evidence but 'must decide the motion based solely on the pleading of the cause of action, together with any [permitted]

pleading exhibits.'" *Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d at 266 (citing TEX. R. CIV. P. 91a.6).

Texas's notice pleading standard requires "pleadings to not only give notice of the claim and the relief sought [but] also of the essential factual allegations." *Kinder Morgan SACROC, LP v. Scurry Cnty.*, 622 S.W.3d 835, 849 (Tex. 2021) (quotations omitted). A plaintiff's pleading must contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a); *see also* TEX. R. CIV. P. 48 (authorizing pleading of alternative claims). A pleading gives fair notice of the claim asserted and the relief sought when it provides the opposing party with enough information to enable him to prepare a defense. *See In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015). A plaintiff is not required to "set out in his pleadings the evidence upon which he relies to establish his asserted cause of action." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 230 (Tex. 2004).

## II. Premises Defect

The City argues that Page did not demonstrate a waiver of liability for premises defect because she did not plead facts showing that it owned or controlled the premises where the accident occurred. Page argues that her second amended petition properly asserted premises defect under the liberal notice-pleading standards. We agree with Page.

7

**A. The TTCA waives immunity for a premises-defect claim under certain circumstances.**

The TTCA waives immunity for the negligent acts of government employees in specific, narrow circumstances. *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022) (citing TEX. CIV. PRAC. & REM. CODE § 101.021). Under the TTCA, and as relevant to this case, a governmental unit is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(2).

Under section 101.022, when a claim arises from a premises defect, "the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises." TEX. CIV. PRAC. & REM. CODE § 101.022(a); *see State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006).[2] In a premises liability case, a plaintiff must first

---

[2] The duty owed to a licensee "requires that 'a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not.'" *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 391 (Tex. 2016) (quoting *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)). Absent willful, wanton, or grossly negligent conduct, to prevail in a premises-liability case, the licensee plaintiff must show that: (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; and (5) the owner's failure was a proximate cause of injury to the licensee. *Payne*, 838 S.W.2d at 237.

show that the defendant had a legal duty to warn of a defective condition of the premises or otherwise make them safe. *City of Denton v. Page*, 701 S.W.2d 831, 834 (Tex. 1986). A plaintiff alleging premises liability must show that the governmental unit owned, occupied, or controlled the premises where the accident occurred. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002). Stated another way, a plaintiff must show that a governmental unit "assumed sufficient control over the part of the premises that presented the alleged danger so that [it] had the responsibility to remedy it." *Id.* at 556.

## B. Alternative pleadings are not fatal to Page's claim against the City.

First, the City argues that Page alleged that the property was owned by Zulka and leased to BSA.

A party is generally entitled to sue and seek damages on alternative theories and to plead multiple allegations, even if they conflict. *Low v. Henry*, 221 S.W.3d 609, 615 (Tex. 2007); *Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex. 1998); *see* TEX. R. CIV. P. 48. Page sued Zulka, BSA, and the City for liability based on premises defect and special defect, alleging their

---

The City argued that Page did not allege facts showing that it owned or controlled the premises where the accident occurred. And, as discussed below, the City challenges the sufficiency of the allegations regarding actual knowledge of the alleged condition. Because the City did not challenge it on appeal, we do not need to consider whether Page's pleading alleged sufficient facts relating to the other elements that a licensee plaintiff must prove in a premises liability case. *See* TEX. R. APP. P. 47.1.

9

ownership of the property and alternatively their control over the premises. Thus, Page's pleading of ownership does not determine whether she has pleaded a waiver of immunity under the TTCA under an alternative theory.

A premises-liability defendant may be held liable for a dangerous condition on the property if it "assum[ed] control over and responsibility for the premises," even if it did not own or physically occupy the property. *Brown*, 80 S.W.3d at 556 (internal quotations omitted). "Moreover, a premises liability defendant may be subject to liability if it has a right to control the premises, which 'may be expressed by contract or implied by conduct.'" *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 473 (Tex. 2017). Physical possession and the right to control the premises are not necessarily coextensive. *Id.* at 474.

Page pleaded: "The City of Houston owned a portion of the Property at 595 West Little York Rd. and also maintained an easement and right of way on the Property for utilities and sidewalk." An easement is "[a]n interest in land owned by another person, consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose." Easement, BLACK'S LAW DICTIONARY (12th ed. 2024). Page's pleading alleges that the City either owned part of the property where the accident occurred or had the right to control it by reason of an easement. This is sufficient to allege ownership or control under the fair-notice pleading standard. *See Miranda*, 133 S.W.3d at 230 (stating that plaintiff not

10

required to set out in pleadings evidence on which he relies to establish his cause of action).

## C.     The ordinance does not affect the City's potential liability.

Second, the City argues that Page could not have demonstrated that the premises where the accident occurred were under its control because a City ordinance requires abutting landowners to maintain sidewalks. We disagree that this statement, even if accurate, is dispositive.

Section 40-84 of the City of Houston Municipal Code makes owners of land abutting a public street responsible for construction and repair of sidewalks, driveways, curbs, and gutters as ordered by the city council. Houston Municipal Code § 40-84.[3] But the ordinance specifies only that the abutting landowner may

---

[3]     Sec. 40-84.—Duties of abutting property owners; failure of property owners to have work done.

It shall be the duty of every owner of real estate in the city, abutting on any public street in the city, in front of which real estate or along which street the city council may order the construction, reconstruction or repair, or bringing to grade of sidewalks, driveways, curbs or gutters, or any of them, to cause the same to be constructed, reconstructed or repaired or bring the same to grade, as the case may be, in accordance with the terms of such order, the specifications set out in this article and on the line and grade as established by the city engineer for the particular block, street or community in which the real estate may be situated. Such property owners shall cause to be constructed such improvements in front of their respective property after the giving of notice as prescribed in this article, within the time fixed by the city council. After the expiration of the time indicated in the notice to construct, reconstruct, repair or regrade, if the abutting owner shall not have built such improvements as ordered and indicated in the notice, then the city shall have the right to construct the same in accordance with the order for the same, and the standard specifications hereinafter set out, under the supervision of

11

be held financially liable to the City for failure to comply with the city council's order. *Id.* The ordinance says nothing about the abutting landowner's liability to others, nor does it necessarily preclude the City's liability.

In *Texas Co. v. Grant*, 182 S.W.2d 996 (Tex. 1944), the Texas Supreme Court considered whether a property owner could be held liable for premises liability for a condition on a public sidewalk abutting its property. 182 S.W.2d at 997. The Court noted the common law rule that "an owner is under no duty to keep an abutting sidewalk free of hazards," and considered whether a City of Dallas ordinance imposed a special duty on the owner of a gasoline filling station. *Id.* at 997, 1000. The Dallas ordinance expressly stated that "the abutting property owner or person . . . enjoying the use of any property abutting on a sidewalk . . . that has become defective and has resulted in causing . . . injury . . . shall be primarily liable in damages for any . . . damages sustained as a result of such defective condition." *Id.* at 999. Construing the words "primarily liable," the Supreme Court explained that the ordinance did not "enlarge or diminish" the liability of either the

---

the city engineer, and may advertise for bids or may itself construct such improvements, at the expense of the abutting property owner, and may recover a personal judgment in any court having jurisdiction of the amount for the cost and expense in constructing, reconstructing, repairing or regrading such sidewalks, driveways, curbs and gutters, with ten percent additional for attorneys' fees, and may, by ordinance, fix a lien on the property improved.

Hous., Tex., Code of Ordinances ch. 40, art. III, § 40-84 (1990).

12

property owner or the City, which continued to be secondarily liable under the "ordinary and obvious" meaning of the ordinance. *Id.*

More recently, the El Paso Court of Appeals considered whether a plaintiff had alleged sufficient facts to demonstrate a waiver of immunity in a special defect case involving a hole in a sidewalk where a utility pole or traffic control device had previously been installed. *City of El Paso v. Chacon*, 148 S.W.3d 417, 420 (Tex. App.—El Paso 2004, pet. denied). El Paso argued, in part, that a provision of the El Paso Municipal Code imposed responsibility for sidewalk defects on the owner of the property abutting the sidewalk. *Id.*

The court of appeals began by noting the general rule: "In the absence of a valid ordinance to the contrary, the owner or occupant of land abutting a public sidewalk does not owe a duty to the general public to keep the sidewalk in a safe condition." *Id.* at 427 (citing *Parra v. F.W. Woolworth Co., Inc.*, 545 S.W.2d 596, 598 (Tex. Civ. App.—El Paso 1977, no writ)). The El Paso ordinance in question, like the Dallas ordinance in *Grant*, included language making the abutting property owner "primarily liable" for losses sustained due to defects on an abutting sidewalk. *Id.* Following *Grant*, the court of appeals concluded that the ordinance did not "relieve the City of its liability," and it affirmed the trial court's denial of El Paso's plea to the jurisdiction, which was based solely on the plaintiff's pleadings. *Id.*

13

In this case, the City argues that it is not liable to Page as a matter of law because the City's ordinance makes owners of land abutting a sidewalk responsible for its maintenance. As we have noted above, the general rule is that "a sidewalk is a part of the street and the duty to exercise ordinary care to maintain such sidewalk in a reasonably safe condition for the use of the public rests upon the city, and not upon the abutting property owner." *Grapotte v. Adams*, 111 S.W.2d 690, 691 (1938). Unlike the ordinances at issue in *Grant* and *Chacon*, section 40-84 does not include any language making the owner of the abutting property liable for damages resulting from a condition of the sidewalk. Rather, it makes the property owner liable to pay for the cost of construction and repair ordered by the city council should the owner fail to perform the actions required by section 40-84. Accordingly, we conclude that section 40-84 does not, as a matter of law, shift liability from the City to the abutting property owners.

* * *

Having concluded that Page was entitled to plead facts in the alternative, that she pleaded that the City owned or controlled the premises where the accident occurred, and that the City's ordinance does not shift liability to the abutting property owner as a matter of law, we overrule the City's first issue.

14

## III.    Special Defect

The City also argues that Page failed to plead facts that establish a waiver of immunity under the TTCA for a special defect. Page maintains that she has properly pled alternative claims for premises and special defect.

The TTCA waiver of immunity for premises defect claims also applies to special defect claims. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(2); *Tex. Dep't of Transp. v. Perches*, 388 S.W.3d 652, 654 (Tex. 2012). When a premises defect exists, the government owes only the duty owed to a licensee, but when "a special defect exists, the government owes the same duty to users that a private landowner owes to an invitee." *Perches*, 388 S.W.3d at 654–55 (citing *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)). The duty owed to an invitee is "to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015); *see Fraley v. Tex. A&M Univ. Sys.*, 664 S.W.3d 91, 98 (Tex. 2023) ("When a plaintiff alleges a special defect . . . the duty is to warn of an unreasonable risk of harm that the premises condition creates when the government owner knows or reasonably should know of that condition.").

15

## A. Page pleaded facts to demonstrate that the uncovered drain was a special defect.

The TTCA describes a "special defect," by listing examples: special defects include "excavations or obstructions on highways, roads, or streets." TEX. CIV. PRAC. & REM. CODE § 101.022(b). The Supreme Court has held that a special defect must be "of the same kind or class" as excavations or obstructions. *Fraley*, 664 S.W.3d at 98 (internal citations omitted). "Factors helpful to ascertaining whether a premises condition is a special defect include the condition's size, whether the condition unexpectedly impairs a vehicle's ability to travel on the road, or whether it presents an unexpected and unusual danger to ordinary users of the roadway." *Id.* Conditions can be special defects only if they pose a threat to the ordinary users of a particular roadway, who follow the normal course of travel. *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010).

Page pleaded that Petitt was riding his bicycle on the "sidewalk" or a "sidewalk easement" when his tire encountered an uncovered storm drain, ejecting him from the bicycle, and landing him unconscious with a head injury on the concrete sidewalk. The City characterizes Page's pleading to mean that he was riding his bicycle either on the sidewalk or the unpaved ground adjacent to the paved sidewalk. On appeal, the City argues that the pleading fails to establish a special defect because (1) the defect was not on a highway, road, or street, (2) Petitt was not an ordinary user because he was riding a bicycle on the sidewalk,

16

and (3) the pleading did not include facts describing the size of the defect or whether it was readily avoidable.

First, the City argues that Page pleaded that Petitt was riding his bicycle either on the sidewalk or on the unpaved ground adjacent to the sidewalk at the time of the accident, but the sidewalk or unpaved ground adjacent to it is not in the same class as a highway, road, or street. Defects, like ditches, that are off the roadway and would not be encountered by an ordinary user of the roadway are not special defects. *See Fraley*, 664 S.W.3d at 99–100. But for purposes of the TTCA, a "highway, roadway, or street" may under certain circumstances include a sidewalk. *See Chacon*, 148 S.W.3d at 422 (holding that defect on sidewalk directly abutting curb and street of "busy public thoroughfare" was related to street because "[a]ll pedestrians wishing to walk up or down that side of the street must use the sidewalk."); *see also City of Houston v. Breckenridge*, No. 14-21-00086-CV, 2022 WL 4103202, at *6–7 (Tex. App.—Houston [14th Dist.] Sept. 8, 2022, pet. denied) (mem. op.) (holding that water-utility hole on sidewalk was special defect); *City of Austin v. Rangel*, 184 S.W.3d 377, 383–84 (Tex. App.—Austin 2006, no pet.) (holding that open meter box on sidewalk was special defect). The City chose to challenge jurisdiction by way of a Rule 91a motion to dismiss, thus foreclosing the use of any evidence in our review. *See* TEX. R. CIV. P. 91a.6 (precluding court from considering evidence when ruling on merits of 91a motion).

17

Liberally construing the allegations, and inferences reasonably drawn from them, in her favor as we must, Page has alleged that Petitt was riding a bicycle on the sidewalk, which is adjacent to a roadway or street,[4] when a wheel of the bicycle impacted an uncovered storm drain, causing him to be ejected onto the sidewalk. We conclude that she has sufficiently alleged a defect on or related to a "highway, roadway, or street." *See Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d at 266.

Second, the City argues that Petitt was not an ordinary user because he was riding a bicycle on the sidewalk. The City relies on an ordinance that prohibits riding a bicycle "upon a sidewalk within a business district." City of Houston Ordinance 45-302(b).[5] Nothing in Page's pleading suggests the subject sidewalk was within a business district.[6] Moreover, the Legislature did not withdraw the

---

[4]  *See* TEX. TRANSP. CODE  § 541.302(16) (defining "sidewalk" as "the portion of the street that is: (A) between a curb or lateral line of a roadway and the adjacent property line; and (B) intended for pedestrian use"); https://www.merriam-webster.com/dictionary/sidewalk (defining "sidewalk" as "a usually paved walk for pedestrians at the side of a street").

[5]  Hous., Tex., Code of Ordinances ch. 45, art. XII, § 45-302 (2021).

[6]  "Business district" is defined by a related ordinance as "the territory contiguous to and including a roadway when, within any 600 feet along such roadway, there are buildings in use for business or industrial purposes which occupy 300 feet of frontage on one side or 300 feet collectively on both sides of the roadway." Hous., Tex., Code of Ordinances ch. 45, art. I, § 45-2 (2021) ("City of Houston Ordinance 45-2"). Because the City challenged jurisdiction in a Rule 91a motion, the record does not include jurisdictional evidence that we may consider on appeal. Whether the location of Petitt's fatal accident was within a business district is question of fact upon which we cannot, in this procedural posture, reach a conclusion as a matter of law.

TTCA waiver of immunity for the situation in which a plaintiff is acting in violation of a local ordinance at the time of the alleged injury. *See, e.g.*, *Rattray v. City of Brownsville*, 662 S.W.3d 860, 867 (Tex. 2023) (explaining that Legislature can withdraw a waiver of immunity by enacting exceptions in the TTCA). Accordingly, we reject the City's argument.

Third, the City argues that Page's pleading did not include facts describing the size of the defect or whether it was readily avoidable. In *Chacon*, the plaintiff alleged that he stepped in a hole in the sidewalk. *Chacon*, 148 S.W.3d at 424. The plaintiff pleaded that the hole was "large," and "gaping," and that he stepped into it, but he did not specifically plead the width or depth of the hole. *Id.* at 425. Relying in part on the descriptions in the pleading, the court concluded that the hole was analogous to an excavation as mentioned in the TTCA.[7] The court declined to reverse the trial court's denial of the defendant's plea to the jurisdiction based on the pleading allegations and the conclusion that the lack of specificity about the size of the hole was merely a pleading deficiency. *Id.*

Again, we construe Page's pleadings liberally and in her favor. *See Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d at 266. She pleaded that the hole was a "dark,

---

[7]     The *Chacon* Court noted its frustration with the non-evidentiary posture of the case, noting that while the pleading has curable deficiencies in the statement of size of the hole, the issue of the size of the hole was "more appropriately confronted in the summary judgment context." *City of El Paso v. Chacon*, 148 S.W.3d 417, 425 (Tex. App.—El Paso 2004, pet. denied).

unmarked, uncovered storm drain" that was large enough to hold a standard orange traffic cone, with dirt and trash on top. She pleaded that the cone "was only visible to someone looking directly down into the drain." Page also pleaded that the accident occurred at night.[8] These factual allegations provide information about the size of the alleged defect and that it was unexpected and unusual. *See Fraley*, 664 S.W.3d at 98; *see also Harris Cnty. v. Smoker*, 934 S.W.2d 714, 719 (Tex. App.— Houston [1st Dist.] 1996, writ denied) (concluding that uncovered hole in road was special defect; "While walking along an unlit or poorly lighted street, a pedestrian should certainly not expect to usually encounter an uncovered, unmarked hole.").

\* \* \*

Having considered the City's arguments, we conclude that Page's pleading alleged facts demonstrating that the alleged defect was a special defect.

### B. Page pleaded facts to demonstrate that the City had actual or constructive knowledge of the defect.

The City argues that Page failed to plead facts showing that it had actual or constructive knowledge of the uncovered storm drain.

Page argues that she pleaded constructive knowledge by pleading that: the alleged defect was a "special defect"; there was "a traffic cone hidden inside the uncovered drain at the time of the incident"; and "someone had actual knowledge

---

[8] "An uncovered storm drain, such as the one present on the *night* of Mr. Petitt's demise, represents an unreasonable risk of harm." Clerk's R. 57 (emphasis added).

20

of the dangerous condition." In addition, in her pleading, Page alleged that "Discovery in this case will reveal whether the City of Houston placed the cone near the drain. If they did, this would prove that the City of Houston had actual knowledge of the dangerous condition."

The City argues that the "someone" who had actual knowledge of the dangerous condition could mean any member of the public who purchased an orange cone at a hardware store. We disagree.

> Page alleged that the Property
>
> was owned by Zulka and leased to BSA. The City of Houston owned a portion of the Property at 595 West Little York Rd. and also maintained an easement and right of way on the Property for utilities and sidewalk. As Mr. Petitt crossed the Property on the sidewalk easement, the front wheel of his bicycle hit a dark, unmarked, uncovered storm drain. The impact caused Mr. Petitt to be ejected from his bicycle. . . .

Describing the nature of the of the uncovered drain, she then alleged that "someone responsible for the condition of the Property had actual knowledge of the dangerous condition."

In context and liberally construed, Page's pleading that someone had "actual knowledge of the dangerous condition" is part of her alleged alternative claims for liability against three defendants: Zulka, BSA, and the City. *See Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d at 266 (construing pleading in plaintiff's favor). Page asserts that "[i]t is certain that at least one of the Defendants had actual

21

knowledge of the dangerous condition." Thus, to the extent that "someone" is not specific, in the context of Page's pleading, it could only mean someone associated with Zulka, BSA, or the City.

We have already explained that pleading in the alternative is permitted. *See Low*, 221 S.W.3d at 615; TEX. R. CIV. P. 48. Page's pleading about the orange traffic cone is a circumstance from which a factfinder could infer actual knowledge of a dangerous condition by one of the three named defendants. *See City of Gainesville v. Sharp*, No. 02-22-00061-CV, 2022 WL 11456903, at *7 (Tex. App.—Fort Worth Oct. 20, 2022, no pet.) (mem. op.) (holding that plaintiff can establish actual knowledge of dangerous condition with circumstantial evidence).

The City argues that Page's allegation that the cone had been inside the drain for a "significant amount of time" negates her assertion of special defect because longstanding, routine, or permanent conditions are not special defects. The cases that the City relies on are distinguishable. Two of the cases involving injuries from stepping on a drain had a covering that was intended to be permanent.[9] Another

---

[9] *See City of League City v. LeBlanc*, 467 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (holding that open sewer drain, which was designed "to have a grate rather than a solid cover" and that was in same condition as when originally installed was "longstanding, routine, or permanent condition" and not special defect); *City of McAllen v. Hernandez*, No. 13-04-182-CV, 2005 WL 2000818, at *8 (Tex. App.—Corpus Christi–Edinburg Aug. 22, 2005, pet. denied) (mem. op.) (holding that shop-made lid for roadway drainage box was intended to be and was permanent condition).

case alleged injury and death from neglected routine maintenance.[10] In yet another case, the court of appeals concluded the alleged defect was a premises defect not a special defect primarily based on the size of the pipe coupling that protruded above the sidewalk. *Stokes v. City of San Antonio*, 945 S.W.2d 324, 327–28 (Tex. App.—San Antonio 1997, no writ). And in a final case, a child was injured by falling over the edge of a drop off created by a man-made erosion control wall. *Mitchell v. City of Dallas*, 855 S.W.2d 741, 743–44 (Tex. App.—Dallas 1993), *aff'd*, 870 S.W.2d 21 (Tex. 1994). The court of appeals noted that the alleged defect—the man-made wall—was not a special defect because it was longstanding and permanent.[11] *Id.* at 748.

In this case, Page alleged that the cover to the storm drain was missing. This differs from the defects in the City's cited cases because the storm drain was neither alleged to be designed to have a grate nor designed without any covering at all. Page pleaded that the cone had been in the hole long enough to become so covered with dirt and trash that it could only be seen when peering directly down into the hole. This is not a pleading of a longstanding or permanent condition that

---

[10]   *Sutton v. State Highway Dep't*, 549 S.W.2d 59, 60 (Tex. App.—Waco 1977, writ ref'd n.r.e.) (holding that "severe depression" in highway allegedly caused by lack of routine maintenance was premises defect not special defect).

[11]   The court of appeals also noted that the plaintiffs did not argue that the condition created by the wall was "unusual or outside the ordinary course of events," which was the standard for special defects at that time. *Mitchell v. City of Dallas*, 855 S.W.2d 741, 748 (Tex. App.—Dallas 1993).

23

conclusively negates the existence of a special defect. Rather, it is a pleading about circumstantial evidence that Page intends to use to prove that the dangerous condition existed for some length of time, such that the City should be charged with constructive notice of it. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002). We conclude that this was sufficient under the notice pleading standards to establish the City's waiver of immunity. *See Miranda*, 133 S.W.3d at 230.

We overrule the City's second issue.

### Conclusion

We affirm the trial court's order.

Justice Susanna Dokupil

Panel consists of Rivas-Molloy, Johnson, and Dokupil.